# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**　　　**2. PLEASE TYPE OR PRINT**　　　**3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| CARTER COE, by and through his parent and next friend, CAROLINE COE; REED ROE, by and through his parent and next friend, RILEY ROE; NICOLE NOE, by and through her parent, NORMAN NOE; KARL KOE; and JAY DOE, on behalf of themselves and all similarly situated, Plaintiffs-Appellees,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; U.S. DEPARTMENT OF JUSTICE; NYU LANGONE HEALTH SYSTEM; NYU LANGONE HOSPITALS; and NYU GROSSMAN SCHOOL OF MEDICINE, A DIVISION OF NEW YORK UNIVERSITY, Defendants-Appellants. | S.D.N.Y. | Hon. Katherine Polk Failla |
| | **Date the Order or Judgment Appealed from was Entered on the Docket:**<br>July 6, 2026 | **District Court Docket No.:**<br>1:26-cv-04641 |
| | **Date the Notice of Appeal was Filed:**<br>July 10, 2026 | **Is this a Cross Appeal?**<br>☐ Yes　　☑ No |

| **Attorney(s) for Appellant(s):**<br><br>☐ Plaintiff<br><br>☑ Defendant | Counsel's Name:　　Address:　　Telephone No.:　　Fax No.:　　E-mail:<br><br>Sarah Welch　950 Pennsylvania Ave NW, Washington DC 20530　202-514-3180　　sarah.e.welch@usdoj.gov |
|---|---|
| **Attorney(s) for Appellee(s):**<br><br>☑ Plaintiff<br><br>☐ Defendant | Counsel's Name:　　Address:　　Telephone No.:　　Fax No.:　　E-mail:<br><br>Bobby Hodgson　125 Broad St, New York, NY 10004　212-607-3317　　rhodgson@nyclu.org |

| Has Transcript Been Prepared?<br><br>yes | Approx. Number of Transcript Pages:<br><br>120 | Number of Exhibits Appended to Transcript:<br><br>n/a | Has this matter been before this Circuit previously? ☐ Yes ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:　　Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A":* COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B":* COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☑ U.S. a party　　☐ Diversity<br><br>☐ Federal question (U.S. not a party)　　☐ Other (specify): _____ | ☐ Final Decision　　☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br><br>☑ Interlocutory Decision Appealable As of Right　　☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2025)

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|

**1. Stage of Proceedings**

- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [✓] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [✓] Injunctions:
  - [✓] Preliminary
  - [ ] Permanent
  - [ ] Denied

**PART C: NATURE OF SUIT (Check as many as apply)**

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright ☐ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [✓] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**

- [✓] Yes [ ] No

Will appeal raise a matter of first impression?

- [✓] Yes [ ] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [ ] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [ ] No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name:<br>Z.A. v. Blanche | Docket No.<br>26-4388 | Citation: | Court or Agency:<br>9th Cir. |
|---|---|---|---|

Name of Appellant: Todd Blanche; U.S. Department of Justice

| Date: 7/24/2026 | Signature of Counsel of Record: /s/ Sarah Welch |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. October 2025)

# Addendum A

Description of the Nature of the Action

Plaintiffs are several minor patients of NYU Langone Hospitals and their parents. They assert that a grand jury in the Northern District of Texas issued a subpoena to NYU Langone seeking communications with pharmaceutical companies regarding cross-sex hormones and puberty blockers, internal communications regarding billing practices for certain treatments, medical and billing records, and other related documents. Plaintiffs sued NYU Langone defendants and Department of Justice defendants, alleging violations of the Fourth Amendment, Fifth Amendment, and state law. Plaintiffs sought a temporary restraining order, preliminary injunction, and class certification.

Result Below

The district court granted a preliminary injunction in favor of a provisionally certified class and subclass defined as:

**The Class:** All individuals who received any medical treatment for gender dysphoria, including any medical, surgical, pharmaceutical, or clinical intervention that is intended or reasonably expected to suppress, alter, or eliminate endogenous pubertal development, or to modify primary or secondary sex characteristics, for the purpose of aligning with or affirming a minor's asserted gender identity rather than the minor's birth sex, while they were under eighteen years of age, from January 1, 2020, through May 5, 2026, at a healthcare institution located in New York City, including NYU Langone Hospitals (and any other NYU entity) and Mount Sinai Health System.

**The NYU Subclass:** All individuals who received any medical treatment for gender dysphoria, including any medical, surgical, pharmaceutical, or clinical intervention that is intended or reasonably expected to suppress, alter, or eliminate endogenous pubertal development, or to modify primary or secondary sex characteristics, for the purpose of aligning with or affirming a

minor's asserted gender identity rather than the minor's birth sex, while they were under eighteen years of age, from January 1, 2020, through May 5, 2026, at NYU Langone Hospitals or any other NYU entity.

ECF 71 at 3-4.

The preliminary injunction prohibits "DOJ Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them" from "seeking, receiving, using, retaining, or disseminating any identifying or sensitive health information of Plaintiffs and members of the Class through the Subpoenas at issue or substantially similar administrative or grand jury subpoenas as part of the U.S Department of Justice's claimed investigations into health care offenses related to gender-affirming medical care." ECF 71 at 4-5. It also prohibits "NYU Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them" from "[d]isclosing or producing any identifying or sensitive health information of Plaintiffs and members of the NYU Subclass to the DOJ Defendants in response to the Subpoena at issue or any substantially similar administrative or grand jury subpoenas as part of the U.S. Department of Justice's claimed investigations into healthcare offenses related to gender-affirming medical care." ECF 71 at 5.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CARTER COE, BY AND THROUGH HIS PARENT AND NEXT FRIEND, CAROLINE COE, et al.,<br><br>                                  Plaintiffs,<br><br>               v.<br><br>TODD BLANCHE, et al.,<br><br>                                  Defendants | Case No. 1:26-cv-04641-KPF |

## DEFENDANTS' NOTICE OF APPEAL

**PLEASE TAKE NOTICE** that Todd Blanche and the Department of Justice hereby appeal to the United States Court of Appeals for the Second Circuit from the district court's order granting the motion for preliminary injunction, Dkt. 71.

RESPECTFULLY SUBMITTED, this 10th day of July, 2026.

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General | LISA K. HSIAO<br>Acting Director |
| JORDAN CAMPBELL<br>Deputy Assistant Attorney General<br>SARAH WELCH<br>Senior Counsel to the Assistant Attorney General<br>JOHN BAILEY<br>BRANTLEY MAYERS<br>Counsel to the Assistant Attorney General | */s/ Eugene O'Halloran*<br>LUKE MILLER<br>EUGENE O'HALLORAN<br>SHIMENG ZHANG<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>eugene.o'halloran2@usdoj.gov<br><br>Attorneys for Federal Defendants |

**CERTIFICATE OF SERVICE**

I certify that, on July 10, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of New York on the following:

Robert Hodgson
Gabriella Larios
Anya Weinstock
New York Civil Liberties Union
Foundation
125 Broad Street, 19th Floor
New York, New York 10004
Telephone: 212-607-3300
rhodgson@nyclu.org
glarios@nyclu.org


Chase B. Strangio
Shana Knizhnik
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, New York 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
cstrangio@aclu.org
sknizhnik@aclu.org

Elizabeth Gill
American Civil Liberties Union Foundation
425 California Street, Suite 700
San Francisco, California 94104
Telephone: 415-343-0779
egill@aclu.org

Zachary A. Cunha
Nixon Peabody LLP
One Citizens Plaza, Suite 500

Omar Gonzalez-Pagan
Karen L. Loewy
Lambda Legal Defense and Education Fund
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org
kloewy@lambdalegal.org

Nora Huppert
Lambda Legal Defense and Education Fund
3656 N. Halsted Street
Chicago, Illinois 60613
Telephone: 312-605-3233
Facsimile: 855-535-2236
nhuppert@lambdalegal.org

A.D. Sean Lewis
Lambda Legal Defense and Education Fund
800 South Figueroa St., Suite 1260
Los Angeles, CA 90017
Telephone: 213-382-7600
Facsimile: 855-535-2236
alewis@lambdalegal.org

Lindsay Maleson
Nixon Peabody LLP
275 Broadhollow Road
Suite 300
Melville, NY 11747
516-832-7627
Fax: 877-683-1633

Providence, RI 02903
401-454-1025
Fax: 401-454-1030
Email: zcunha@nixonpeabody.com

Email: lmaleson@nixonpeabody.com

Timothy Sini
Nixon Peabody LLP
275 Broadhollow Road
Melville, NY 11747
516-832-7655
Fax: 516-832-7555
Email: tsini@nixonpeabody.com

Dated this 10th day of July, 2026.

*/s/Eugene O'Halloran*
Eugene O'Halloran

APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:26-cv-04641-KPF

Coe et al v. Blanche et al
Assigned to: Judge Katherine Polk Failla
Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 06/02/2026
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

## Plaintiff

**Carter Coe**
*By and through his parents and next friend*
*Caroline Coe*

represented by **Gabriella Larios**
New York Civil Liberties Union
125 Broad Street, 19 Floor
New York, NY 10004
212-607-3354
Email: glarios@nyclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Omar Gonzalez-Pagan**
Lambda Legal Defense and Education Fund,
Inc
120 Wall Street, 19th Floor
New York, NY 10005
(212)-809-8585
Fax: (212)-809-0055
Email: ogonzalez-pagan@lambdalegal.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A.D. Sean Lewis**
800 S Figueroa St Ste 1260
Los Angeles, CA 90017
312-810-4880
Email: alewis@lambdalegal.org
*ATTORNEY TO BE NOTICED*

**Adrienne Spiegel**
American Civil Liberties Union Foundation
425 California Street
Suite 700
San Francisco, CA 94104
415-343-1237
Email: a.spiegel@aclu.org
*ATTORNEY TO BE NOTICED*

**Anne Weinstock**
New York Civil Liberties Union
125 Broad St
Fl. 19

New York, NY 10004
212-607-3395
Email: aweinstock@nyclu.org
*ATTORNEY TO BE NOTICED*

**Chase Strangio**
New York
125 Broad St.
Ste 18th Fl.
New York
New York, NY 10004
212-284-7320
Email: cstrangio@aclu.org
*ATTORNEY TO BE NOTICED*

**Elizabeth Gill**
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
415-621-2493
Email: egill@aclunc.org
*ATTORNEY TO BE NOTICED*

**Karen Loewy**
Lambda Legal Defense & Education Fund,
Inc.
815 16th St. NW, Suite 4140
Washington, DC 20006
202-804-6245
Email: kloewy@lambdalegal.org
*ATTORNEY TO BE NOTICED*

**Nora Huppert**
Lambda Legal Defense and Education Fund,
Inc.
3656 N. Halsted St.
Chicago, IL 60613
847-345-2094
Email: nhuppert@lambdalegal.org
*ATTORNEY TO BE NOTICED*

**Robert Andrew Hodgson**
New York Civil Liberties Union
125 Broad St. 19th Floor
New York, NY 10004
(212)-607-3317
Email: rhodgson@nyclu.org
*ATTORNEY TO BE NOTICED*

**Shana Knizhnik**
American Civil Liberties Union Foundation
125 Broad Street
18th Floor
New York, NY 10004

917-716-0609
Email: sknizhnik@aclu.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Reed Roe**
*By and through his parents and next friend*
*Riley Roe*

represented by **Gabriella Larios**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Omar Gonzalez-Pagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A.D. Sean Lewis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Adrienne Spiegel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anne Weinstock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Chase Strangio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Gill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen Loewy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nora Huppert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Andrew Hodgson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shana Knizhnik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nicole Noe**
*By and through his parents and next friend*

represented by **Gabriella Larios**
(See above for address)

*Norman Noe*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Omar Gonzalez-Pagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A.D. Sean Lewis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Adrienne Spiegel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anne Weinstock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Chase Strangio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Gill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen Loewy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nora Huppert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Andrew Hodgson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shana Knizhnik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Karl Koe**                              represented by  **Gabriella Larios**
*on behalf of themselves and all similarly*              (See above for address)
*situated*                                               *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Omar Gonzalez-Pagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A.D. Sean Lewis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Adrienne Spiegel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anne Weinstock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Chase Strangio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Gill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen Loewy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nora Huppert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Andrew Hodgson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shana Knizhnik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jay Doe**
*on behlf of themselves and all similarly situated*

represented by **Gabriella Larios**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Omar Gonzalez-Pagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A.D. Sean Lewis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Adrienne Spiegel**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Anne Weinstock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Chase Strangio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Gill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen Loewy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nora Huppert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Andrew Hodgson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shana Knizhnik**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Todd Blanche**
*In his official capacity as Acting Attorney General of the United States*

represented by **Eugene O'Halloran**
DOJ-Civ
Enforcement and Affirmative
450 5th Street NW
Washington DC, DC 20001
202-598-7976
Email: eugene.o'halloran2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**John Bailey**
DOJ-Civ
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave NW
Ste 3618
Washington, DC 20530
202-514-6993
Email: john.bailey@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Luke Miller**

Post Office Box 386
Washington, DC 20044-0386
202-598-7479
Email: luke.miller2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Sarah Welch**
DOJ-Civ
Civil Division
950 Pennsylvania Ave.
Ste 3612
Washington, DC 22202
202-514-3180
Email: sarah.e.welch@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Justice**                    represented by  **Eugene O'Halloran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Bailey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Luke Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Welch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**NYU Langone Health System**                    represented by  **Timothy Sini**
Nixon Peabody LLP
275 Broadhollow Road
Melville, NY 11747
516-832-7655
Fax: 516-832-7555
Email: tsini@nixonpeabody.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary A. Cunha**
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
401-454-1025
Fax: 401-454-1030
Email: zcunha@nixonpeabody.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsay Maleson**
Nixon Peabody LLP
275 Broadhollow Road
Suite 300
Melville, NY 11747
516-832-7627
Fax: 877-683-1633
Email: lmaleson@nixonpeabody.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**NYU Langone Hospitals**                    represented by **Timothy Sini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary A. Cunha**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsay Maleson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**NYU Grossman School of Medicine**          represented by **Timothy Sini**
*a division of New York University*          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary A. Cunha**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsay Maleson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**States of New York, Massachusetts, AZ,**   represented by **Mark Stephen Grube**
**CA, CO, CT, DE, IL, ME, MD, MI, MN,**       NYS Office of the Attorney General
**NV, NJ, NM, OR, RI, VT, VA, and WA,**       28 Liberty Street
**and DC**                                    New York, NY 10005
212-416-8028
Fax: 212-416-8962
Email: Mark.Grube@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**CITY OF NEW YORK**
*City of New York*

represented by **Jamison Michael Isaac Davies**
New York City Law Department (100 Church)
100 Church Street
New York, NY 10007
212-356-1000
Fax: 212-356-2509
Email: jdavies@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/02/2026 | 1 | COMPLAINT against Todd Blanche, NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals, U.S. Department of Justice. (Filing Fee $ 405.00, Receipt Number 49418)Document filed by Nicole Noe, Reed Roe, Carter Coe, Karl Koe, Jay Doe..(gp) (vf). (Entered: 06/02/2026) |
| 06/02/2026 | 2 | CIVIL COVER SHEET filed..(gp) (vf). (Entered: 06/02/2026) |
| 06/02/2026 | | Magistrate Judge Sarah L. Cave is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (gp) (Entered: 06/02/2026) |
| 06/02/2026 | | Case Designated ECF. (gp) (Entered: 06/02/2026) |
| 06/02/2026 | 3 | NOTICE OF APPEARANCE by Robert Andrew Hodgson on behalf of Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Hodgson, Robert) (Entered: 06/02/2026) |
| 06/02/2026 | 4 | NOTICE OF APPEARANCE by Karen Loewy on behalf of Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Loewy, Karen) (Entered: 06/02/2026) |
| 06/02/2026 | 5 | NOTICE OF APPEARANCE by Chase Strangio on behalf of Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Strangio, Chase) (Entered: 06/02/2026) |
| 06/02/2026 | 6 | NOTICE OF APPEARANCE by Omar Gonzalez-Pagan on behalf of Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/02/2026 | 7 | LETTER addressed to Judge Jeannette A. Vargas from Omar Gonzalez-Pagan on behalf of Plaintiffs dated 06/02/2026 re: Rule 5.L Letter Regarding Application for Temporary Restraining Order. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/02/2026 | | ORDER GRANTING REDACTED COMPLAINT FILED IN 1:26-MC-256..(gp) (Entered: 06/02/2026) |
| 06/02/2026 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Gabriella Larios for noncompliance with Section 14.2 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Complaint, 2 Civil Cover Sheet to: caseopenings@nysd.uscourts.gov. (gp) (Entered: 06/02/2026) |

| 06/02/2026 | 8 | PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe. (Attachments: # 1 Proposed Order Proposed Temporary Restraining Order and Provisional Class Certification). (Gonzalez-Pagan, Omar) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 06/02/2026) |
|---|---|---|
| 06/02/2026 | 9 | MEMORANDUM OF LAW in Support re: 8 Proposed Order to Show Cause With Emergency Relief, . Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/02/2026 | 10 | DECLARATION of Caroline Coe in Support re: 9 Memorandum of Law in Support, 8 Proposed Order to Show Cause With Emergency Relief,. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/02/2026 | 11 | DECLARATION of Riley Roe in Support re: 9 Memorandum of Law in Support, 8 Proposed Order to Show Cause With Emergency Relief,. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/02/2026 | 12 | DECLARATION of Norman Noe in Support re: 9 Memorandum of Law in Support, 8 Proposed Order to Show Cause With Emergency Relief,. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/02/2026 | 13 | DECLARATION of Karl Koe in Support re: 9 Memorandum of Law in Support, 8 Proposed Order to Show Cause With Emergency Relief,. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/02/2026 | 14 | DECLARATION of Jay Doe in Support re: 9 Memorandum of Law in Support, 8 Proposed Order to Show Cause With Emergency Relief,. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/02/2026 | 15 | DECLARATION of Karen Loewy in Support re: 8 Proposed Order to Show Cause With Emergency Relief, 9 Memorandum of Law in Support. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe. (Attachments: # 1 Exhibit E - EO 1468, # 2 Exhibit F - EO 1487, # 3 Exhibit G - Civil Subpoena to Rhode Island Hospital, # 4 Exhibit H - Excerpts of Dist. of Rhode Island Hearing, # 5 Exhibit I - Texas AG 05-15-2026 Press Release, # 6 Exhibit J - DOJ 05-15-2026 Press Release).(Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/02/2026 | 16 | MOTION to Certify Class . Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe. (Attachments: # 1 Proposed Order Proposed Order for Class Certification). (Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/02/2026 | 17 | MEMORANDUM OF LAW in Support re: 16 MOTION to Certify Class . . Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe. (Attachments: # 1 Affidavit Declaration of Omar Gonzalez-Pagan, # 2 Affidavit Declaration of Chase Strangio, # 3 Affidavit Declaration of Robert Hodgson).(Gonzalez-Pagan, Omar) (Entered: 06/02/2026) |
| 06/03/2026 | 18 | ORDER re: 16 MOTION to Certify Class . filed by Karl Koe, Nicole Noe, Reed Roe, Jay Doe, Carter Coe. The Court adopts the briefing schedule proposed at ECF No. 7. Defendants' opposition to Plaintiffs' motion for emergency relief and provisional class certification is due by Friday, June 5, 2026, at noon. Plaintiffs' Reply, if any, is due by Saturday, June 6, 2026. Counsel for all parties shall appear for a conference with the Court with respect to these motions on Wednesday, June 10, 2026, at 2:30 PM in Courtroom 11B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. Additionally, the Court ORDERS the parties to meet and confer with respect to the following questions: as further set forth in this Order. By noon on June 9, 2026, the parties should submit a joint letter setting forth the parties' agreement on these questions, or, if no |

| | | |
|---|---|---|
| | | agreement is reached, their respective positions on each of these questions. The joint letter should address each of these questions separately, in subparts set forth under the reproduced question. ( Responses due by 6/5/2026, Replies due by 6/6/2026., Motion Hearing set for 6/10/2026 at 02:30 PM in Courtroom 11B, 500 Pearl Street, New York, NY 10007 before Judge Jeannette A. Vargas.) (Signed by Judge Jeannette A. Vargas on 6/3/2026) (sgz) (Entered: 06/03/2026) |
| 06/03/2026 | 19 | SEALED DOCUMENT placed in vault..(jus) (Entered: 06/03/2026) |
| 06/03/2026 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document No. 8 Proposed Order to Show Cause With Emergency Relief, was reviewed and approved as to form.(tp) (Entered: 06/03/2026) |
| 06/04/2026 | 20 | NOTICE OF APPEARANCE by Anya Weinstock on behalf of Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Weinstock, Anya) (Entered: 06/04/2026) |
| 06/04/2026 | 21 | JOINT LETTER MOTION for Extension of Time *and to Adjourn Court Conference Scheduled for June 10, 2026* addressed to Judge Jeannette A. Vargas from Omar Gonzalez-Pagan dated 06/04/2026. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/04/2026) |
| 06/04/2026 | 22 | MOTION for Nora Huppert to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32949846. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe. (Attachments: # 1 Affidavit Affidavit of Nora Huppert, # 2 Proposed Order proposed order, # 3 Exhibit Certificate of Standing California, # 4 Exhibit Certificate of Standing Illinois). (Huppert, Nora) (Entered: 06/04/2026) |
| 06/04/2026 | | >>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 22 MOTION for Nora Huppert to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32949846. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju) (Entered: 06/04/2026) |
| 06/04/2026 | 23 | ORDER granting 21 Letter Motion for Extension of Time. The Court adopts the proposed briefing schedule at page two of this motion with small adjustments noted below. The TRO hearing previously scheduled for June 10, 2026, at 2:30 p.m. is adjourned to June 22, 2026, at 2:30 p.m. Defendants' opposition to Plaintiffs' motion for emergency relief and provisional class certification is due by Monday, June 15, 2026, at noon. Plaintiffs' Reply, if any, is due by Thursday, June 18, 2026, at noon. The parties' joint letter, as described in EC No. 18. s all be submitted by June 18, 2026. The Clerk of Court is directed to terminate ECF No. 21. SO ORDERED. (Signed by Judge Jeannette A. Vargas on 6/4/2026) (ar) (Entered: 06/04/2026) |
| 06/04/2026 | 24 | MOTION for A.D. Sean Lewis to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32950571. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe. (Attachments: # 1 Affidavit Affidavit of A.D. Sean Lewis, # 2 Proposed Order Proposed Order, # 3 Exhibit Certificate of Standing California).(Lewis, A.D.) (Entered: 06/04/2026) |
| 06/04/2026 | | Set/Reset Deadlines: (Responses due by 6/15/2026, Replies due by 6/18/2026.), Set/Reset Hearings: (Status Conference set for 6/22/2026 at 02:30 PM before Judge Jeannette A. Vargas.) (ar) (Entered: 06/04/2026) |
| 06/05/2026 | | >>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 24 MOTION for A.D. Sean Lewis to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32950571. Motion and supporting papers to be reviewed by |

| | | |
|---|---|---|
| | | **Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 06/05/2026) |
| 06/05/2026 | 25 | ORDER FOR ADMISSION PRO HAC VICE granting 22 Motion for Nora Huppert to Appear Pro Hac Vice. IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice inn the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of the Court, including the Rules governing discipline of attorneys. (Signed by Judge Jeannette A. Vargas on 6/5/2026) (sgz) Transmission to Attorney Services/Help Desk. (Entered: 06/05/2026) |
| 06/05/2026 | 26 | ORDER FOR ADMISSION PRO HAC VICE granting 24 Motion for A.D. Sean Lewis to Appear Pro Hac Vice. IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice inn theabove captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of the Court, including the Rules governing discipline of attorneys. (Signed by Judge Jeannette A. Vargas on 6/5/2026) (sgz) Transmission to Attorney Services/Help Desk. (Entered: 06/05/2026) |
| 06/05/2026 | 27 | REQUEST FOR ISSUANCE OF SUMMONS as to Todd Blanche, U.S. Department of Justice, re: 1 Complaint,. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Larios, Gabriella) (Entered: 06/05/2026) |
| 06/05/2026 | 28 | REQUEST FOR ISSUANCE OF SUMMONS as to NYU Langone Health System, NYU Langone Hospitals, NYU Grossman School of Medicine, re: 1 Complaint,. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe..(Larios, Gabriella) (Entered: 06/05/2026) |
| 06/08/2026 | 29 | NOTICE OF APPEARANCE by Nora Huppert on behalf of Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Huppert, Nora) (Entered: 06/08/2026) |
| 06/08/2026 | 30 | NOTICE OF APPEARANCE by A.D. Sean Lewis on behalf of Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Lewis, A.D.) (Entered: 06/08/2026) |
| 06/08/2026 | 31 | ELECTRONIC SUMMONS ISSUED as to NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals..(jgo) (Entered: 06/08/2026) |
| 06/08/2026 | 32 | ELECTRONIC SUMMONS ISSUED as to Todd Blanche, U.S. Department of Justice.. (jgo) (Entered: 06/08/2026) |
| 06/09/2026 | 33 | Amicus Curiae APPEARANCE entered by Mark Stephen Grube on behalf of States of New York, Massachusetts, AZ, CA, CO, CT, DE, IL, ME, MD, MI, MN, NV, NJ, NM, OR, RI, VT, VA, and WA, and DC..(Grube, Mark) (Entered: 06/09/2026) |
| 06/09/2026 | 34 | MOTION for Leave to File Amicus Curiae Brief . Document filed by States of New York, Massachusetts, AZ, CA, CO, CT, DE, IL, ME, MD, MI, MN, NV, NJ, NM, OR, RI, VT, VA, and WA, and DC. (Attachments: # 1 Exhibit Memorandum in Support of Motion for Leave to File Amicus Curiae Brief, # 2 Exhibit Proposed Amicus Curiae Brief).(Grube, Mark) (Entered: 06/09/2026) |
| 06/10/2026 | 35 | MEMO ENDORSEMENT granting 34 Motion for Leave to File Document. ENDORSEMENT: "[D]istrict courts have broad inherent authority to permit or deny an appearance as amicus curiae in a case." Goldstein v. Hochul, No. 22-CV-08300 (VS B ), 2022 WL 22915988, at *l (S.D.N.Y. Oct. 19, 2022) (citation omitted). Because the states have established in their accompanying memorandum, ECF No. 34, Ex. 1, that they possess "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," id. (citation omitted), their motion for leave to file as aimici curiae in this matter is GRANTED.The Clerk of Court is directed to |

| | | |
|---|---|---|
| | | terminate ECF No. 34. (Signed by Judge Jeannette A. Vargas on 6/10/2026) (sgz) (Entered: 06/10/2026) |
| 06/11/2026 | 36 | BRIEF *of Amici Curiae*. Document filed by States of New York, Massachusetts, AZ, CA, CO, CT, DE, IL, ME, MD, MI, MN, NV, NJ, NM, OR, RI, VT, VA, and WA, and DC.. (Grube, Mark) (Entered: 06/11/2026) |
| 06/12/2026 | 37 | CERTIFICATE OF SERVICE. Todd Blanche served on 6/10/2026, answer due 7/1/2026; U.S. Department of Justice served on 6/10/2026, answer due 7/1/2026. Service was made by Email, Mail. Document filed by Nicole Noe; Reed Roe; Carter Coe; Karl Koe; Jay Doe., SUMMONS RETURNED EXECUTED. Todd Blanche served on 6/10/2026, answer due 7/1/2026; U.S. Department of Justice served on 6/10/2026, answer due 7/1/2026. Service was made by Email, Mail. Document filed by Nicole Noe; Reed Roe; Carter Coe; Karl Koe; Jay Doe..(Larios, Gabriella) (Entered: 06/12/2026) |
| 06/12/2026 | 38 | CERTIFICATE OF SERVICE of Summons and Complaint,. NYU Langone Hospitals served on 6/12/2026, answer due 7/6/2026; NYU Langone Health System served on 6/12/2026, answer due 7/6/2026; NYU Grossman School of Medicine served on 6/12/2026, answer due 7/6/2026. Service was made by Email, Mail. Document filed by Nicole Noe; Reed Roe; Carter Coe; Karl Koe; Jay Doe., SUMMONS RETURNED EXECUTED Summons and Complaint, served. NYU Langone Hospitals served on 6/12/2026, answer due 7/6/2026; NYU Langone Health System served on 6/12/2026, answer due 7/6/2026; NYU Grossman School of Medicine served on 6/12/2026, answer due 7/6/2026. Service was made by Email, Mail. Document filed by Nicole Noe; Reed Roe; Carter Coe; Karl Koe; Jay Doe..(Gonzalez-Pagan, Omar) (Entered: 06/12/2026) |
| 06/12/2026 | 39 | Amicus Curiae APPEARANCE entered by Jamison Michael Isaac Davies on behalf of CITY OF NEW YORK..(Davies, Jamison) (Entered: 06/12/2026) |
| 06/12/2026 | 40 | FIRST MOTION to File Amicus Brief . Document filed by CITY OF NEW YORK. (Attachments: # 1 Exhibit Proposed Amicus Brief).(Davies, Jamison) (Entered: 06/12/2026) |
| 06/15/2026 | 41 | NOTICE OF APPEARANCE by Zachary A. Cunha on behalf of NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals..(Cunha, Zachary) (Entered: 06/15/2026) |
| 06/15/2026 | 42 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent New York University for NYU Grossman School of Medicine, NYU Langone Health System. Document filed by NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals..(Cunha, Zachary) (Entered: 06/15/2026) |
| 06/15/2026 | 43 | MEMORANDUM OF LAW re: 8 Proposed Order to Show Cause With Emergency Relief, *NYU Defendants Memorandum In Response To Plaintiffs Motion For A Temporary Restraining Order*. Document filed by NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals..(Cunha, Zachary) (Entered: 06/15/2026) |
| 06/15/2026 | 44 | NOTICE OF APPEARANCE by John Bailey on behalf of Todd Blanche, U.S. Department of Justice..(Bailey, John) (Entered: 06/15/2026) |
| 06/15/2026 | 45 | DECLARATION of Zachary A. Cunha re: 43 Memorandum of Law, . Document filed by NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals. (Attachments: # 1 Exhibit A- Administrative Subpoena0).(Cunha, Zachary) (Entered: 06/15/2026) |
| 06/15/2026 | 46 | MEMORANDUM OF LAW in Opposition re: 16 MOTION to Certify Class . *& Motion for TRO*. Document filed by Todd Blanche, U.S. Department of Justice. (Attachments: # 1 Exhibit A - NYU NPP, # 2 Exhibit B - Sinai NPP).(Bailey, John) (Entered: 06/15/2026) |

| | | |
|---|---|---|
| 06/16/2026 | 47 | ORDER granting 40 Letter Motion to File Amicus Brief. "[D]istrict courts have broad inherent authority to permit or deny an appearance as amicus curiae in a case." Goldstein v. Hochul, No. 22-CV-08300 (VSB), 2022 WL 22915988, at *I (S.D.N.Y. Oct. 19, 2022) (citation omitted). Because the City of New York has established in its accompanying memorandum that it possesses a "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," id. (citation omitted), its motion for leave to file as amicus curiae in this matter is GRANTED. The Clerk of Court is directed to terminate ECF No. 40. (Signed by Judge Jeannette A. Vargas on 6/15/2026) (rro) (Entered: 06/16/2026) |
| 06/16/2026 | 48 | FINAL BRIEF re: 47 Order on Motion to File Amicus Brief,,, . Document filed by CITY OF NEW YORK..(Davies, Jamison) (Entered: 06/16/2026) |
| 06/17/2026 | 49 | LETTER MOTION for Oral Argument *seeking permission for two of Plaintiffs' counsel to split argument at the TRO hearing scheduled for June 22, 2026,* addressed to Judge Jeannette A. Vargas from Robert Hodgson dated June 17, 2026. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Hodgson, Robert) (Entered: 06/17/2026) |
| 06/17/2026 | 50 | ORDER granting 49 Letter Motion. Counsel for plaintiffs are permitted to split argument between two attorneys as outlined in their letter. (HEREBY ORDERED by Judge Jeannette A. Vargas)(Text Only Order) (Vargas, Jeannette) (Entered: 06/17/2026) |
| 06/17/2026 | 51 | NOTICE OF APPEARANCE by Shana Knizhnik on behalf of Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Knizhnik, Shana) (Entered: 06/17/2026) |
| 06/18/2026 | 52 | REPLY MEMORANDUM OF LAW in Support re: 8 Proposed Order to Show Cause With Emergency Relief, *for a Temporary Restraining Order and Provisional Class Certification.* Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/18/2026) |
| 06/18/2026 | 53 | LETTER addressed to Judge Jeannette A. Vargas from JOINT LETTER dated June 18, 2026 re: JOINT LETTER PURSUANT TO ECF 18 AND ECF 23. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Hodgson, Robert) (Entered: 06/18/2026) |
| 06/18/2026 | 54 | NOTICE OF APPEARANCE by Sarah Welch on behalf of Todd Blanche, U.S. Department of Justice..(Welch, Sarah) (Entered: 06/18/2026) |
| 06/18/2026 | 55 | LETTER addressed to Judge Jeannette A. Vargas from Gabriella Larios dated 06/18/2026 re: Inquiry as to Remote Public Access to June 22 Hearing. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Larios, Gabriella) (Entered: 06/18/2026) |
| 06/18/2026 | 56 | NOTICE OF APPEARANCE by Luke Miller on behalf of Todd Blanche, U.S. Department of Justice..(Miller, Luke) (Entered: 06/18/2026) |
| 06/18/2026 | 57 | MEMO ENDORSEMENT on re: 55 Letter filed by Karl Koe, Nicole Noe, Reed Roe, Jay Doe, Carter Coe. ENDORSEMENT: While the Court recognizes the basis for Plaintiffs' request, there will not be a remote access line for this proceeding. SO ORDERED. (Signed by Judge Jeannette A. Vargas on 6/18/2026) (ar) (Entered: 06/18/2026) |
| 06/19/2026 | 58 | NOTICE OF APPEARANCE by Timothy Sini on behalf of NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals..(Sini, Timothy) (Entered: 06/19/2026) |
| 06/21/2026 | 59 | ORDER. With the apologies of the Court, due to unforeseen circumstances, the TRO hearing scheduled for June 22, 2026, at 2:30 pm must be adjourned to another date. A new scheduling order will be entered shortly. (HEREBY ORDERED by Judge Jeannette A. Vargas) (Text Only Order) (Vargas, Jeannette) (Entered: 06/21/2026) |

| | | |
|---|---|---|
| 06/22/2026 | | NOTICE OF CASE REASSIGNMENT to Judge J. Paul Oetken. Judge Jeannette A. Vargas is no longer assigned to the case. (vba) (Entered: 06/22/2026) |
| 06/22/2026 | | NOTICE OF CASE REASSIGNMENT to Judge Katherine Polk Failla. Judge J. Paul Oetken is no longer assigned to the case. (vba) (Entered: 06/22/2026) |
| 06/22/2026 | 60 | LETTER addressed to Judge Katherine Polk Failla from Omar Gonzalez-Pagan on behalf of Plaintiffs dated 06/22/2026 re: pending proposed order to show cause for a temporary restraining order and provisional class certification. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/22/2026) |
| 06/22/2026 | | NOTICE of Hearing: This case has been assigned to this Court for all purposes. It is hereby ORDERED that counsel for all parties appear for a hearing on Plaintiffs' motion for emergency relief and provisional class certification, tomorrow, June 23, 2026, at 2:30 p.m., in Courtroom 618, 40 Foley SquareNew York, NY 10007. (Show Cause Hearing set for 6/23/2026 at 02:30 PM in Courtroom 618, 40 Centre Street, New York, NY 10007 before Judge Katherine Polk Failla.) ***No PDF is attached to this entry. (tn) (Entered: 06/22/2026) |
| 06/22/2026 | 61 | MOTION for Lindsay R. Maleson to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-33028067. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals. (Attachments: # 1 Affidavit of Lindsay R. Maleson in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit A: Certificate of Good Standing, # 3 Proposed Order Proposed Order).(Maleson, Lindsay) (Entered: 06/22/2026) |
| 06/22/2026 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 61 MOTION for Lindsay R. Maleson to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-33028067. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 06/22/2026) |
| 06/23/2026 | 62 | NOTICE OF APPEARANCE by Eugene O'Halloran on behalf of Todd Blanche, U.S. Department of Justice..(O'Halloran, Eugene) (Entered: 06/23/2026) |
| 06/23/2026 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: TRO Hearing held on 6/23/2026. Attorneys Omar Gonzalez-Pagan, Chase Strangio, Robert Andrew Hodgson, and Shana Knizhinik, representing Plaintiffs present. Attorneys Luke Miller and Sarah Welch representing DOJ defendants present. Attorneys Zachary A. Cunha, Timothy Sini, and Lindsay Maleson, representing NYU Defendants present. The Court will issue its ruling tomorrow at 11:00 a.m. The oral decision will be held remotely. **A public audio-only line will be available at (855) 244-8681, access code 2315 780 7370. ***The recording and/or re-broadcasting of the conference is strictly prohibited***. A link for the parties will be sent separately, before the conference.** (Court Reporter Martha Martin) (tn) (Entered: 06/23/2026) |
| 06/23/2026 | 63 | JOINT LETTER addressed to Judge Katherine Polk Failla from Omar Gonzalez-Pagan on behalf of all parties dated 06/23/2026 re: Updated Stipulation. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/23/2026) |
| 06/23/2026 | 64 | ORDER GRANTING ADMISSION PRO HAC VICE granting 61 Motion for Lindsay R. Maleson to Appear Pro Hac Vice. The Clerk of Court is directed to terminate the pending motion at docket entry 61. (Signed by Judge Katherine Polk Failla on 6/23/2026) (rro) Transmission to Attorney Services/Help Desk. (Entered: 06/24/2026) |

| | | |
|---|---|---|
| 06/24/2026 | 65 | TEMPORARY RESTRAINING ORDER AND PROVISIONAL CLASS CERTIFICATION granting 16 Motion to Certify Class: Plaintiffs' Motion for Temporary Restraining Order and Provisional Class Certification are GRANTED as further set forth. Plaintiffs have sufficiently provisionally demonstrated that the proposed Class and NYU Subclass adhere to the Federal Rules of Civil Procedure, and such classes are hereby provisionally certified. DOJ Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are RESTRAINED and ENJOINED from: Seeking, receiving, using, retaining, or disseminating any identifying or sensitive health information of Plaintiffs and members of the Class through the Subpoenas at issue or substantially similar administrative or grand jury subpoenas as part of the U.S Department of Justices claimed investigations into health care offenses related to gender-affirming medical care. NYU Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are RESTRAINED and ENJOINED from: disclosing or producing any identifying or sensitive health information of Plaintiffs and members of the NYU Subclass to the DOJ Defendants in response to the Subpoena at issue or any substantially similar administrative or grand jury subpoenas as part of the U.S. Department of Justices claimed investigations into healthcare offenses related to gender-affirming medical care. The security requirement is hereby waived because Defendants will not suffer any costs from the preliminary injunction, plaintiffs are suing the government to vindicate constitutional rights, and imposing a security requirement would pose a hardship for Plaintiffs. (Signed by Judge Katherine Polk Failla on 6/24/2026) (tn) (Entered: 06/24/2026) |
| 06/24/2026 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: Telephone Conference held on 6/24/2026. Attorneys Chase Strangio and Omar Gonzalez-Pagan representing Plaintiffs present. Attorneys Luke Miller and Sarah Welch representing DOJ defendants present. Attorneys Zachary A. Cunha, Timothy Sini, and Linday Maleson, representing NYU defendants present. For the reasons stated on the record, Plaintiff's motion for a temporary restraining order and provisional class certification is GRANTED. By end of day Friday, June 26, 2026, the parties shall file a joint status letter, including if appropriate, proposed discovery deadlines, further motion practice, or supplemental briefing deadlines. (Court Reporter Martha Martin) (tn) (Entered: 06/24/2026) |
| 06/26/2026 | 66 | JOINT LETTER addressed to Judge Katherine Polk Failla from Omar Gonzalez-Pagan on behalf of all parties dated 06/26/2026 re: Joint Status Letter per June 24, 2026 Court Order. Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gonzalez-Pagan, Omar) (Entered: 06/26/2026) |
| 06/30/2026 | 67 | MEMO ENDORSEMENT on re: 66 Letter, filed by Karl Koe, Nicole Noe, Reed Roe, Jay Doe, Carter Coe. ENDORSEMENT: The Court has received the parties' above-joint letter. The parties are hereby ORDERED to appear for a telephone conference regarding next steps on July 6, 2026, at 10:00 a.m. The dial-in information is as follows: At the scheduled time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370. ( Telephone Conference set for 7/6/2026 at 10:00 AM before Judge Katherine Polk Failla.) (Signed by Judge Katherine Polk Failla on 6/29/2026) (rro) (Entered: 06/30/2026) |
| 07/02/2026 | 68 | CONSENT LETTER MOTION for Extension of Time to File Answer *on behalf of the NYULH defendants to and including August 10, 2026* addressed to Judge Katherine Polk Failla from Zachary A. Cunha dated July 2, 2026. Document filed by NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals..(Cunha, Zachary) (Entered: 07/02/2026) |
| 07/06/2026 | 69 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Elizabeth Olmsted Gill to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-33090934. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed |

| | | |
|---|---|---|
| | | by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe. (Attachments: # 1 Affidavit Notarized Affidavit of Elizabeth Gill, # 2 Exhibit Certificate of Good Standing California, # 3 Proposed Order PHV Proposed Order).(Gill, Elizabeth) Modified on 7/6/2026 (bc). (Entered: 07/06/2026) |
| 07/06/2026 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 69 MOTION for Elizabeth Olmsted Gill to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-33090934. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): Wrong Judges initials and Name on all documents;. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (bc) (Entered: 07/06/2026)** |
| 07/06/2026 | 70 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Elizabeth Olmsted Gill to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe. (Attachments: # 1 Affidavit Notarized Affidavit of Elizabeth Gill, # 2 Exhibit Certificate of Good Standing California, # 3 Proposed Order PHV Proposed Order).(Gill, Elizabeth) Modified on 7/6/2026 (bc). (Entered: 07/06/2026) |
| 07/06/2026 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 70 MOTION for Elizabeth Olmsted Gill to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): Wrong Judges initials in case numbers on all documents;. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (bc) (Entered: 07/06/2026)** |
| 07/06/2026 | 71 | PRELIMINARY INJUNCTION ORDER AND EXTENSION OF PROVISIONAL CLASS CERTIFICATION: Upon a renewed review of the whole record, including the parties' submissions regarding Plaintiffs' Proposed Order to Show Cause for a Temporary Restraining Order and Provisional Class Certification and the parties' arguments during the hearing held on June 23, 2026, and having otherwise been fully advised, the Court finds, for all the reasons described on the record in its oral decision on June 24, 2026, there is good cause to GRANT the preliminary injunction and extend provisional class certification, and HEREBY ORDERS and ADJUDGES as follows: i. Plaintiffs' Motion for a Preliminary Injunction is GRANTED because Plaintiffs have demonstrated that they will suffer irreparable harm if the Court does not issue relief; that they are substantially likely to prevail on their claims that DOJ Defendants' actions demanding identifying and sensitive health information of Plaintiffs and the Class run afoul of constitutional protections for their informational privacy and against unreasonable searches and seizures; that NYU Defendants' compelled disclosure of Plaintiffs' and the NYU Subclass's identifying and sensitive health information should be enjoined to maintain the status quo and prevent irreparable harm; that the balance of equities and public interest tip in favor of a temporary restraining order; and that preliminary relief is an appropriate and necessary remedy. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In addition, Plaintiffs have sufficiently demonstrated on a provisional basis that the proposed Class and NYU Subclass adhere to the Federal Rules of Civil Procedure, and such classes continue to be provisionally certified. ii. Preliminary relief is appropriate on a class-wide basis for the following Class and NYU Subclass: As further set forth herein. iii. DOJ Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are RESTRAINED and ENJOINED from: As further set forth herein. iv. NYU Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation |

with them, are RESTRAINED and ENJOINED from: As further set forth herein. v. It is further ORDERED that the security requirement is hereby waived because Defendants will not suffer any costs from the preliminary injunction, Plaintiffs are suing the Government to vindicate constitutional rights, and imposing a security requirement would pose a hardship for Plaintiffs. See Fed. R. Civ. P. 65(c); see also Pharm. Soc. of State of N.Y., Inc. v. N.Y. State Dep't of Soc. Servs., 50 F.3d 1168, 1174 (2d Cir. 1995); Widakuswara v. Lake, 773 F. Supp. 3d 46 (S.D.N.Y. 2025). In addition, the deadline for NYU Defendants to respond to Plaintiffs' Complaint is hereby ADJOURNED to August 10, 2026. The Clerk of Court is directed to terminate the pending motion at docket entry 68. SO ORDERED. In addition, the deadline for NYU Defendants to respond to Plaintiffs Complaint is hereby ADJOURNED to August 10, 2026.The Clerk of Court is directed to terminate the pending motion at docket entry 68.SO ORDERED. NYU Grossman School of Medicine answer due 8/10/2026; NYU Langone Health System answer due 8/10/2026; NYU Langone Hospitals answer due 8/10/2026., Motions terminated: 68 CONSENT LETTER MOTION for Extension of Time to File Answer *on behalf of the NYULH defendants to and including August 10, 2026* addressed to Judge Katherine Polk Failla from Zachary A. Cunha dated July 2, 2026. filed by NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals. (Signed by Judge Katherine Polk Failla on 7/6/2026) (jjc) (Entered: 07/06/2026)

| | | |
|---|---|---|
| 07/08/2026 | 72 | MOTION for Elizabeth Olmsted Gill to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Affidavit Notarized Affidavit, # 3 Proposed Order Proposed Order).(Gill, Elizabeth) (Entered: 07/08/2026) |
| 07/08/2026 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 72 MOTION for Elizabeth Olmsted Gill to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 07/08/2026) |
| 07/09/2026 | 73 | ORDER FOR ADMISSION PRO HAC VICE granting 72 Motion for Elizabeth Gill to Appear Pro Hac Vice. The Clerk of Court is directed to terminate the pending motion at docket entry 72. (Signed by Judge Katherine Polk Failla on 7/9/2026) (vfr) Transmission to Attorney Services/Help Desk. (Entered: 07/09/2026) |
| 07/09/2026 | 74 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** NOTICE OF APPEAL from 71 Preliminary Injunction,,,,,,,,,,,,,,,,, Set Deadlines,,,,,,,,,,,,,,,, Terminate Motions,,,,,,,,,,,,,,,. Document filed by Todd Blanche, U.S. Department of Justice. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(O'Halloran, Eugene) Modified on 7/10/2026 (nd). (Entered: 07/09/2026) |
| 07/09/2026 | 75 | TRANSCRIPT of Proceedings re: conference held on 6/23/2026 before Judge Katherine Polk Failla. Court Reporter/Transcriber: Martha Martin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/30/2026. Redacted Transcript Deadline set for 8/10/2026. Release of Transcript Restriction set for 10/7/2026..(Moya, Goretti) (Entered: 07/09/2026) |
| 07/09/2026 | 76 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 6/23/26 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 07/09/2026) |

| 07/09/2026 | 77 | TRANSCRIPT of Proceedings re: conference held on 6/24/2026 before Judge Katherine Polk Failla. Court Reporter/Transcriber: Martha Martin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/30/2026. Redacted Transcript Deadline set for 8/10/2026. Release of Transcript Restriction set for 10/7/2026..(Moya, Goretti) (Entered: 07/09/2026) |
| --- | --- | --- |
| 07/09/2026 | 78 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 6/24/26 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 07/09/2026) |
| 07/10/2026 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Eugene O'Halloran to RE-FILE Document No. 74 Notice of Appeal,.. The filing is deficient for the following reason(s): the appeal was not signed; the wrong event type was used to file the appeal. Re-file the appeal using the event type Notice of Interlocutory Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (nd) (Entered: 07/10/2026) |
| 07/10/2026 | 79 | NOTICE OF INTERLOCUTORY APPEAL from 71 Preliminary Injunction,,,,,,,,,,,,,,,,, Set Deadlines,,,,,,,,,,,,,,,, Terminate Motions,,,,,,,,,,,,,,,. Document filed by Todd Blanche, U.S. Department of Justice. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(O'Halloran, Eugene) (Entered: 07/10/2026) |
| 07/10/2026 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 79 Notice of Interlocutory Appeal,..(nd) (Entered: 07/10/2026) |
| 07/10/2026 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 79 Notice of Interlocutory Appeal, filed by U.S. Department of Justice, Todd Blanche were transmitted to the U.S. Court of Appeals..(nd) (Entered: 07/10/2026) |
| 07/16/2026 | 80 | LETTER MOTION to Stay *Answer Deadline* addressed to Judge Katherine Polk Failla from United States Department of Justice dated 07/16/2026. Document filed by U.S. Department of Justice..(Miller, Luke) (Entered: 07/16/2026) |
| 07/16/2026 | 81 | MOTION to Stay re: 71 Preliminary Injunction,,,,,,,,,,,,,,,,, Set Deadlines,,,,,,,,,,,,,,,, Terminate Motions,,,,,,,,,,,,,,,, . Document filed by Todd Blanche, U.S. Department of Justice..(Welch, Sarah) (Entered: 07/16/2026) |
| 07/16/2026 | 82 | MEMORANDUM OF LAW in Support re: 81 MOTION to Stay re: 71 Preliminary Injunction,,,,,,,,,,,,,,,,, Set Deadlines,,,,,,,,,,,,,,,, Terminate Motions,,,,,,,,,,,,,,,, . . Document filed by Todd Blanche, U.S. Department of Justice..(Welch, Sarah) (Entered: 07/16/2026) |
| 07/17/2026 | 83 | ORDER granting 80 Letter Motion to Stay answer deadline while an interlocutory appeal is pending; denying 81 Letter Motion to Stay: The motion for a stay of the response deadline is GRANTED in light of the interlocutory appeal. The motion to stay the preliminary injunction pending appeal is DENIED. What the DOJ Defendants seek is a complete subversion of the Court's decision to grant the preliminary injunction in the first place. Allowing a stay of the preliminary injunction at this time would upend the status quo and lead to the very irreparable harm that the preliminary injunction was designed to prevent. This the Court will not do. The Clerk of Court is directed to terminate the pending motions at docket entries 80 and 81. (Signed by Judge Katherine Polk Failla on 7/17/2026) (tn) (Entered: 07/17/2026) |

| 07/17/2026 | 84 | CONSENT LETTER MOTION to Stay *Answer Deadline as to NYULH Defendants* addressed to Judge Katherine Polk Failla from Zachary A. Cunha dated July 17, 2026. Document filed by NYU Grossman School of Medicine, NYU Langone Health System, NYU Langone Hospitals..(Cunha, Zachary) (Entered: 07/17/2026) |
|---|---|---|
| 07/21/2026 | 85 | ORDER granting 84 Letter Motion to Stay. The NYU Defendants' above-motion for a stay of the response deadline is GRANTED in light of the interlocutory appeal. The Clerk of Court is directed to terminate the pending motion at docket entry 84. (Signed by Judge Katherine Polk Failla on 7/20/2026) (rro) (Entered: 07/21/2026) |
| 07/22/2026 | 86 | NOTICE OF APPEARANCE by Elizabeth Gill on behalf of Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe..(Gill, Elizabeth) (Entered: 07/22/2026) |
| 07/22/2026 | 87 | MOTION for Adrienne Spiegel to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-33177306. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Carter Coe, Jay Doe, Karl Koe, Nicole Noe, Reed Roe. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Affidavit of Adrienne Spiegel, # 3 Proposed Order Proposed Order).(Spiegel, Adrienne) (Entered: 07/22/2026) |
| 07/23/2026 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 87 MOTION for Adrienne Spiegel to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-33177306. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 07/23/2026) |
| 07/23/2026 | 88 | ORDER FOR ADMISSION PRO HAC VICE granting 87 Motion for Adrienne Spiegel to Appear Pro Hac Vice. The Clerk of Court is directed to terminate the pending motion at docket entry 87.. (Signed by Judge Katherine Polk Failla on 7/23/2026) (rro) (Entered: 07/23/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARTER COE, *by and through his parent and next friend*, CAROLINE COE; REED ROE, *by and through his parent and next friend*, RILEY ROE; NICOLE NOE, *by and through his parent and next friend*, NORMAN NOE; KARL KOE, *on behalf of themselves and all similarly situated*; and JAY DOE, *on behalf of themselves and all similarly situated*, <br><br> Plaintiffs, <br><br> -v.- <br><br> TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States*; U.S. DEPARTMENT OF JUSTICE; NYU LANGONE HEALTH SYSTEM; NYU LANGONE HOSPITALS; and NYU GROSSMAN SCHOOL OF MEDICINE, *a division of New York University*, <br><br> Defendants. | 26 Civ. 4641 (KPF) |

**PRELIMINARY INJUNCTION ORDER**
**AND EXTENSION OF PROVISIONAL CLASS CERTIFICATION**

Pending before the Court is Plaintiffs' request for a preliminary injunction and extension of provisional class certification, and the parties' joint request to adjudicate that request on the existing record and the already-submitted briefing by the parties and *amici*. (Dkt. #66). To obtain a preliminary injunction, a movant must demonstrate: (i) that he is likely to succeed on the merits; (ii) that he is likely to suffer irreparable harm in the absence of preliminary relief; (iii) that the balance of equities tips in his favor; and (iv) that an injunction is in the public interest. *See New York* v. *U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 58-

1

59 (2d Cir. 2020). The Court considered these same factors when it evaluated Plaintiffs' request for entry of a temporary restraining order. On June 14, 2026, the Court issued a temporary restraining order and provisional class certification. (Dkt. #65).

Upon a renewed review of the whole record, including the parties' submissions regarding Plaintiffs' Proposed Order to Show Cause for a Temporary Restraining Order and Provisional Class Certification and the parties' arguments during the hearing held on June 23, 2026, and having otherwise been fully advised, the Court finds, for all the reasons described on the record in its oral decision on June 24, 2026, there is good cause to GRANT the preliminary injunction and extend provisional class certification, and HEREBY ORDERS and ADJUDGES as follows:

    i.    Plaintiffs' Motion for a Preliminary Injunction is GRANTED because Plaintiffs have demonstrated that they will suffer irreparable harm if the Court does not issue relief; that they are substantially likely to prevail on their claims that DOJ Defendants'[1] actions demanding identifying and sensitive health information of Plaintiffs and the Class run afoul of constitutional protections for their informational privacy and against unreasonable searches and seizures; that NYU

---

[1]    As used herein, the term "DOJ Defendants" means Todd Blanche, in his official capacity as Acting Attorney General of the United States, and the United States Department of Justice.

Defendants'[2] compelled disclosure of Plaintiffs' and the NYU Subclass's identifying and sensitive health information should be enjoined to maintain the *status quo* and prevent irreparable harm; that the balance of equities and public interest tip in favor of a temporary restraining order; and that preliminary relief is an appropriate and necessary remedy. *See Winter* v. *Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). In addition, Plaintiffs have sufficiently demonstrated on a provisional basis that the proposed Class and NYU Subclass adhere to the Federal Rules of Civil Procedure, and such classes continue to be provisionally certified.

ii.   Preliminary relief is appropriate on a class-wide basis for the following Class and NYU Subclass:

a.   **The Class:** All individuals who received any medical treatment for gender dysphoria, including any medical, surgical, pharmaceutical, or clinical intervention that is intended or reasonably expected to suppress, alter, or eliminate endogenous pubertal development, or to modify primary or secondary sex characteristics, for the purpose of aligning with or affirming a minor's asserted gender identity rather than the minor's birth sex, while they were under eighteen years of age, from January 1, 2020, through May 5, 2026, at a healthcare

---

[2]   As used herein, the term "NYU Defendants" means NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine, a division of New York University.

3

institution located in New York City, including NYU Langone

Hospitals (and any other NYU entity) and Mount Sinai Health

System.

b. **The NYU Subclass:** All individuals who received any medical

treatment for gender dysphoria, including any medical,

surgical, pharmaceutical, or clinical intervention that is

intended or reasonably expected to suppress, alter, or

eliminate endogenous pubertal development, or to modify

primary or secondary sex characteristics, for the purpose of

aligning with or affirming a minor's asserted gender identity

rather than the minor's birth sex, while they were under

eighteen years of age, from January 1, 2020, through May 5,

2026, at NYU Langone Hospitals or any other NYU entity.

iii. DOJ Defendants, their officers, agents, successors, servants,

employees, and attorneys, and any other persons who are in active

concert or participation with them, are RESTRAINED and

ENJOINED from:

a. Seeking, receiving, using, retaining, or disseminating any

identifying or sensitive health information of Plaintiffs and

members of the Class through the Subpoenas at issue or

substantially similar administrative or grand jury subpoenas

as part of the U.S Department of Justice's claimed

4

investigations into health care offenses related to gender-affirming medical care.

iv.   NYU Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are RESTRAINED and ENJOINED from:

   a.   Disclosing or producing any identifying or sensitive health information of Plaintiffs and members of the NYU Subclass to the DOJ Defendants in response to the Subpoena at issue or any substantially similar administrative or grand jury subpoenas as part of the U.S. Department of Justice's claimed investigations into healthcare offenses related to gender-affirming medical care.

v.   It is further ORDERED that the security requirement is hereby waived because Defendants will not suffer any costs from the preliminary injunction, Plaintiffs are suing the Government to vindicate constitutional rights, and imposing a security requirement would pose a hardship for Plaintiffs. *See* Fed. R. Civ. P. 65(c); *see also Pharm. Soc. of State of N.Y., Inc.* v. *N.Y. State Dep't of Soc. Servs.*, 50 F.3d 1168, 1174 (2d Cir. 1995); *Widakuswara* v. *Lake*, 773 F. Supp. 3d 46 (S.D.N.Y. 2025).

In addition, the deadline for NYU Defendants to respond to Plaintiffs' Complaint is hereby ADJOURNED to **August 10, 2026**.

The Clerk of Court is directed to terminate the pending motion at docket entry 68.

SO ORDERED.

Dated:   July 6, 2026
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

6

Q6OVCOED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

CARTER COE, *et al*,

            Plaintiffs,

       v.                   26 Civ. 4641 (KPF)

TODD BLANCHE, *et al*,

            Defendants.        Teleconference
                            Decision
------------------------------x

                            New York, N.Y.
                            June 24, 2026
                            11:05 a.m.

Before:

              HON. KATHERINE POLK FAILLA,

                            District Judge

                   APPEARANCES

LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
    Attorneys for Plaintiffs
BY:  OMAR GONZALEZ-PAGAN
    -and-
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
BY:  CHASE STRANGIO

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
    Attorneys for Government Defendants
BY:  LUKE MILLER
    SARAH WELCH

NIXON PEABODY LLP
    Attorneys for NYU Defendants
BY:  TIMOTHY SINI
    ZACHARY A. CUNHA
    LINDSAY MALESON

(Teleconference)

(Case called)

THE DEPUTY CLERK: Counsel, please state your name for the record, beginning with plaintiffs.

MR. STRANGIO: Good morning, your Honor.

This is Chase Strangio, on behalf of plaintiffs. And with me on the line is Omar Gonzalez-Pagan, also on behalf of plaintiffs.

THE COURT: Good morning. And thank you to both of you.

Are you able to hear me, Mr. Strangio?

MR. STRANGIO: I am, your Honor. Thank you very much.

THE COURT: Thank you so much.

All right. Representing the DOJ defendants, please.

MR. MILLER: Good morning, your Honor.

This is Luke Miller and Sarah Welch, on behalf of the DOJ defendants.

THE COURT: Good morning. And thank you to both of you for appearing.

And representing the NYU defendants, please.

MR. CUNHA: Good morning, your Honor.

Zachary Cunha, on behalf of the NYU defendants. And I'm joined by my colleagues Timothy Sini and Lindsay Maleson.

THE COURT: Okay. Thank you all very much.

And so as I mentioned yesterday, I thought that the

Q6OVCOED

most efficient thing to do today was to give you an oral decision as soon as I could get it together, and I will do that now. I'm going to remind you, those of you who are listening, that there can be no recording and no rebroadcasting of this decision.

Additionally, let me note that I had asked for folks' indulgence until noon today. But it's now 11:10, and I cannot guarantee that I will be done with my decision — because it is quite lengthy — at the noon hour. So I'm going to understand that the agreement or at least the -- yes, the agreement between the parties not to require the production of materials exists for the length of this oral decision and the time it takes me to post an order that regards that decision. So you'll have to tell me if you disagree with that, and no one is disagreeing with that.

All right. I want to be very clear that, again, this was a very serious case, very well-argued. I still think it is the most efficient use of everyone's time for me to give an oral decision, and I'm going to do that now. But it is a rather lengthy decision. And I'm going to ask you please to mute yourselves, to be comfortable, and to listen as I read this decision into the record.

Let me begin my decision by thanking those of you who are on this call and those of you who have assisted those on the call for the work that you've done in this case and, in

Q6OVCOED

particular, on this motion for a temporary restraining order. I'm fully aware that there were teams of attorneys and support staff behind the scenes. I want them to know that their work on this matter on a very short schedule did not go unnoticed.

I also want to extend my thanks to the four oralists who were willing to give me nearly three hours of their time yesterday.

My experience has been that oral argument does not always aid me in arriving at a decision. But yesterday's oral argument was helpful in clarifying several points, and let me speak to those points now.

To begin, I now have a clearer picture of the information as to which plaintiffs are resisting disclosure. That information comprises both their identities as transgender persons, and the very detailed sensitive records of the gender-affirming care that they have received. And considering that information in its totality is significant. After all, as plaintiffs' counsel noted, the records sought are unusually detailed and include — and I'm quoting from page 11 of the transcript — discussions of familial history, of mental health history, their problems in school, their psychological development, as well as whatever other medical conditions that they may have or experienced beyond gender dysphoria.

Counsel also correctly noted that these materials were sought for a period of six years, which for many of the minor

Q6OVCOED

plaintiffs represents a substantial percentage of their lives. The importance of protection of this information — and indeed ultimately of temporary injunctive relief — is clear when one considers the context in which the information was sought.

The complaint details the backstory to this litigation at paragraphs 41 through 115, and the Court will not repeat all of that information here. It suffices to note, however, that in the first few days of the current administration, multiple executive orders were issued that sought to identify, to demonize, and ultimately to eradicate an entire population of transgender people.

Pursuant to that policy, DOJ issued a flurry of civil administrative subpoenas to healthcare institutions that courts quashed or severely limited. And in doing so, these courts found, among other things, that the subpoenas were pretextual; that they were — and I quote from one decision — a smoke screen for the government's true objective of pressuring pediatric hospitals into ending gender-affirming care through commencing vague, suspicionless investigations. This particular court decision is quoted in paragraph 79 of the complaint.

But undeterred by its disastrous showing in the courts, DOJ decided to issue nearly identical document requests in the form of grand jury subpoenas emanating from the Northern District of Texas, on which more later. The need for protection of plaintiffs' identifying and sensitive medical

information is further underscored by statements of counsel for NYU Langone, who noted that while the facility was expending significant time and resources to implement redactions to plaintiffs' medical records, with the specter of a later government request for deanonymization always in the background — and now I'm quoting from counsel — in an age of artificial intelligence and multiple points of data that are inherent in a complex medical record, counsel could not guarantee anonymization. This exchange is at pages 74 and 75 of the transcript.

Separately, plaintiffs' counsel aided me in understanding the specifics of the relief sought and why this action cannot simply be dismissed as a motion to quash or an end-run around Rule 17(c). Whether by accident or by design, the administration's policies *vis-à-vis* transgender persons embody a concerted effort to obtain deeply private information about an entire class of individuals without their knowledge or consent.

After the issuance of the executive orders and the Bondi and Shumate memoranda, DOJ attorneys on both the civil and criminal sides issued expansive document requests to third parties without prior notice to the individuals whose information was being sought. It is only the fortuity of NYU's interpretation of the New York Shield Law that allowed plaintiffs in this case to seek redress for claimed

Q6OVCOED

constitutional violations caused by the grand jury subpoena. And then, only then, did they learn of a completely different administrative subpoena that could have resulted in the turnover of this sensitive information without any opportunity for petition or redress.

This record makes plain the cold comfort of telling plaintiffs to pursue their claims under Federal Rule of Criminal Procedure 17(c). They wouldn't even know where to begin.

In extrapolating from the metaphor offered by plaintiffs' counsel, protecting plaintiffs' constitutional rights in this environment is worse than a game of whack-a-mole; it's being forced to play the game blindfolded. And this is precisely the factual scenario for which the *Gonzales* case was designed.

Finally, I had the opportunity to examine the parties' positions concerning the interplay between Rule 6(e) and analogous grand jury secrecy requirements, and plaintiffs' constitutional rights. Now, many in the gallery yesterday chuckled at Mr. Miller's invocation of the term "allegedly." But I appreciate the seriousness with which any government attorney takes his or her grand jury secrecy obligations. The fact remains, however, that the government was not perfectly consistent in its reticence about the grand jury investigation, since counsel pointedly referenced Northern District of Texas

Q6OVCOED

Judge O'Connor as currently having some undefined role in the government's criminal investigation, and later volunteered that no patients would be prosecuted — this is the transcript at page 66 — and that the government, in fact, viewed these individuals as victims.

But, more fundamentally, this Court will not blind itself to reality. And, in this case, reality is the timeline of DOJ's efforts and, in particular, its efforts to recast discredited civil administrative subpoenas as grand jury subpoenas from a hand-picked faraway jurisdiction in order to minimize judicial review of constitutional infirmities.

Let me end my introductory comments with this observation: There was precious little on which the parties agreed yesterday, but one point of agreement was on the uniqueness of the facts of this case. Of course, the parties want me to draw different conclusions from that fact, but I agree with you that the facts of this case are unique. And the conclusions the Court reaches on this motion might not be transferable to other cases.

Ultimately, at this early stage, on this record, and given the paramount importance of preserving the privacy of the underlying identification and medical information, I am provisionally certifying a class in accordance with plaintiffs' request and granting plaintiffs' application for a temporary restraining order to enjoin DOJ from seeking sensitive health

Q6OVCOED

and identification information regarding class members.

Let me speak to the parties. And I'll speak about them very summarily, because folks have read the complaint in this case. But the plaintiffs and the similarly situated members of the proposed class are minors, their parents, and young adults who received gender-affirming care in New York City.

There are two sets of defendants here: Defendant Blanche is the Acting Attorney General of the United States. Defendant United States Department of Justice is a federal executive agency, and I will refer to them as the DOJ defendants. Defendants NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine are medical care providers and corporations organized under the laws of New York with their principal place of business in Manhattan. I will refer to them as the NYU defendants.

In terms of factual background, as I mentioned, I will summarize as best I can the very extensive discussions that are in the complaint.

Through a series of executive orders and federal agency actions, this administration has carried out a systematic campaign to attack and dehumanize transgender people, as shown in complaint paragraphs 41 through 88.

On January 20th of 2025, President Trump issued Executive Order 14168, the Gender EO, to declare a national

Q6OVCOED

policy of recognizing only two birth-assigned sexes. And on January 28th, 2025, he issued Executive Order No. 14187, the Denial of Care EO, to put an end to gender-affirming medical care for minors.

As one of several federal agencies tasked with implementing the EOs, DOJ has explored numerous legal avenues for limiting or ending the provision of gender-affirming medical care. At first, DOJ issued civil administrative subpoenas under HIPAA to more than 20 healthcare institutions across the country seeking information about patients receiving gender-affirming medical care. Before April 30th of 2026, every court to have considered motions regarding these subpoenas had granted the motions to quash or limit the subpoenas. And, in several cases, DOJ had represented that anonymized data without patient-identifying information would be sufficient for purposes of those investigations.

Shifting tactics, on April 30th, 2026, DOJ filed a motion to enforce an administrative subpoena in the Northern District of Texas, which promptly granted the motion. And having found a jurisdiction — indeed the only jurisdiction — that was receptive to its arguments, DOJ strategized to concentrate legal actions related to gender-affirming medical care in the Northern District of Texas.

The administration's anti-transgender policies and DOJ's legal actions have directly impacted healthcare

Q6OVCOED

institutions in the New York City area, including the NYU defendants. These defendants had established and maintained a transgender youth health program through which they have provided gender-affirming medical and psychosocial services for transgender youth. They stopped providing these services in February 2026, in response to declarations and proposed rules by the administration that threatened their federal funding.

On May 7, 2026, NYU Langone Hospitals was among several health institutions in New York City to receive a grand jury subpoena from the United States Attorney's Office for the Northern District of Texas, seeking the identifying and detailed sensitive health information of all transgender persons who received medical care as treatment for their gender dysphoria while they were minors, as well as the identity of their parents, from January 1st of 2020 through May 5th of 2026.

The subpoena directed the NYU defendants to provide the requested records by 9 a.m. on June 10th, 2026. Although it was issued by a grand jury in the Northern District of Texas, it curiously requested that the information be made available to a special agent in the Kansas City field office of the FDA Office of Criminal Investigations.

On May 11th, 2026, pursuant to New York state's Shield Law, the NYU defendants made public that they had received the subpoena through a public notice on their website, and they

Q6OVCOED

sent virtually identical notices to affected patients, including plaintiffs and members of the proposed class, through an online portal known as MyChart.

On June 2nd of 2026, plaintiffs filed a complaint, as well as an emergency application for a TRO and provisional class certification, along with the supporting papers in this district. The case was originally assigned to Judge Vargas. The complaint alleges three counts: Violation of the Fifth Amendment due process clause's right to informational privacy against DOJ defendants; violation of the Fourth Amendment's protection against unreasonable and oppressive governmental intrusions on individual privacy against DOJ defendants; and breach of physician-patient confidentiality under New York Civil Practice Law and Rules Section 4504(a) against the NYU defendants.

Plaintiffs seek a declaration that the subpoena's request for the identifying and sensitive health information of plaintiffs and members of the proposed class violates their rights to privacy under the Fifth Amendment, and to be free from unreasonable searches and seizures under the Fourth Amendment.

They seek a declaration that any disclosure by the NYU defendants constitutes a breach of physician-patient confidentiality under New York law; they seek preliminary and permanent injunctive relief, preventing the DOJ defendants from

Q6OVCOED

seeking, receiving, using, retaining, or disseminating any identifying or sensitive health information; they seek preliminary and permanent injunctive relief preventing the NYU defendants from disclosing or producing any identifying or sensitive health information; they seek class certification, a waiver of the requirement for the posting of a bond, and an award of attorneys' fees and costs to plaintiffs.

In terms of class certification, the plaintiffs have identified a class and a subclass under Federal Rule of Civil Procedure 23(b)(2).  The class is defined at paragraphs 147 and 148 of the complaint, and I won't repeat them here.

On June 4th, 2026, the parties jointly stipulated to an extension of the deadline for the production of information and records until June 24th.  And then yesterday that was extended until today at noon, and now it extends until after this decision is issued and the order filed.

There was then filing from the parties on both the plaintiffs' motion for a TRO and the motion for a provisional class certification.  Judge Vargas granted two motions for leave to file amicus briefs, one by several states, and another by the City of New York.

Over the weekend, Judge Vargas understood that she had a conflict.  She adjourned the hearing.  The case was then reassigned to me.  And I scheduled the TRO hearing to take place, as it did, yesterday.

Q6OVCOED

I know the parties are aware of the standards for a temporary restraining order, and I'm therefore going to refer to them as briefly as I can.

A preliminary injunction should issue only where a plaintiff demonstrates a likelihood of success on the merits and a threat of irreparable harm absent relief. Courts also consider whether equity tips in the plaintiffs' favor; whether the public interest favors an injunction; and where, as here, the government is a party to the lawsuit, the equity and public interest factors merge.

One case for these propositions is *New York v. United States Department of Homeland Security*, 969 F.3d 42 (2d Cir. 2020).

That's all I'm going to say about the requirements for a temporary restraining order. I really don't think the parties have dispute about them.

The bigger issue is, of course, the antecedent issue of my jurisdiction to even consider plaintiffs' challenges. And that was the focus of yesterday's oral argument. Ultimately, this Court concludes that it has jurisdiction to evaluate plaintiffs' claims arising from the grand jury subpoena and to issue the requested relief.

Much discussion took place yesterday over the Second Circuit's 2006 decision in *New York Times Company v. Gonzales*, 459 F.3d 160. In that case, the Second Circuit suggested that

Q6OVCOED

a district court in this circuit may properly exercise jurisdiction over claims arising from a grand jury subpoena, including one issued by another court in a different jurisdiction, by relying on its discretion to issue declaratory relief under the Declaratory Judgment Act. That the Federal Rules of Criminal Procedure provide mechanisms to directly challenge the subpoena, including the filing of a motion to quash under Rule 17(c) in the district court overseeing the grand jury proceedings, does not preclude per se a declaratory judgment by the district court adjudicating the collateral civil challenge.

Indeed, the Second Circuit reasoned — and I'm now quoting from the decision at page 166 — Were we to adopt the government's theory and treat a motion to quash under Rule 17(c) as a special statutory proceeding, we would establish a precedent potentially qualifying a substantial number of federal rules of criminal and civil procedure as special statutory proceedings, and thereby severely limit the availability of declaratory relief.

In addition, the Second Circuit has separately recognized that a district court is entitled to use its inherent equity power to award temporary injunctive relief in appropriate circumstances in order to maintain the status quo, such as over claims pending before an administrative agency. Cases for this proposition include *Sheehan v. Purolator Courier*

Q6OVCOED

*Corp.*, 676 F.2d 877 (2d Cir. 1981), and *FTC v. Dean Foods Company*, 384 U.S. 597 (1966).

Let me acknowledge — and I will — that *Gonzales* may not be directly on point. Nonetheless, I am convinced that the Second Circuit's decision on the merits of the reporters' privilege in that case reflects its understanding that it and, by extension, the district court that adjudicated the merits and issued the summary judgment in the first phase of that case, had jurisdiction to evaluate a collateral challenge to a grand jury subpoena issued by a different jurisdiction and, therefore, the equitable power to issue the appropriate relief should the court agree with the merits of that collateral challenge.

To be sure, *Gonzales* discusses only declaratory relief, and that was mentioned by counsel for DOJ defendants yesterday. But as plaintiffs point out, the underlying complaint in *Gonzales* also sought injunctive relief. Nothing about the Second Circuit's decision in *Gonzales* limited the exercise of jurisdiction to the type of relief sought.

In any event, the very language of the Declaratory Judgment Act indicates that the prevailing party in a declaratory judgment may seek further relief in the form of damages or an injunction, meaning that the availability of declaratory relief does not preclude this Court's authority to issue an injunction based on the same considerations. One case

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Q6OVCOED

for that proposition, I cite *Horn & Hardart Company v. National Rail Passenger Corp.*, 843 F.2d 546 (D.C. Cir. 1988).

Here, I observe that my jurisdiction to decide the collateral challenge and issue equitable relief is especially important given the insufficiency of Rule 17(c) in the unique circumstances of this case.

Plaintiffs seek to protect highly sensitive and comprehensive personal information about their transgender status, as well as detailed medical history from a concerted serial effort by this administration to identify and target a marginalized group.

The filing of a Rule 17(c) motion to quash the NYU subpoena in the Northern District of Texas would not have any effect on other grand jury or civil administrative subpoenas seeking the same information from NYU and other healthcare institutions in New York City, especially when, as we found out, plaintiffs have no way of learning of the existence of any subpoena. Like the aforementioned game of whack-a-mole, the government may simply switch their strategy and go after plaintiffs' private information under the guise of a different investigation.

Now, the Second Circuit addressed an analogous issue in *Gonzales*, and found there that a motion to quash under Rule 17(c) would not offer plaintiffs the same relief where — and I quote — It is unknown whether subpoenas have been issued, and

Q6OVCOED

if so, whether the subpoenaed entities have already complied. Only an order enjoining the government from seeking plaintiffs' identifying and sensitive personal information is sufficiently protective of plaintiffs' privacy interests and enough to afford complete relief to plaintiffs in this case.

Separately, I have determined that I have subject matter jurisdiction over the case, and that plaintiffs have established standing to sue. I have subject matter jurisdiction under 28 U.S.C., Section 1331, because plaintiffs raise constitutional issues that invoke federal question jurisdiction. I also have subject matter jurisdiction under 28 U.S.C., Section 1346, as a civil action against the United States founded upon the Constitution, an act of Congress, or an executive regulation; as well as under 28 U.S.C., Section 1361, as an action to compel an officer or agency to perform a duty owed to plaintiffs. And I have supplemental subject matter jurisdiction over plaintiffs' state law claims under 28 U.S.C., Section 1367(a).

Turning now to the issue of standing, I find that plaintiffs satisfy all three elements: Injury, causation, and redressability for Article III standing. For one case on that proposition, I cite *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992). In particular, plaintiffs here face an imminent risk that their identifying and sensitive health information will be disclosed today because of the subpoena. In the

Q6OVCOED

Supreme Court's case of *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, the Supreme Court there found that a certainly impending injury satisfies the imminence requirement for establishing an injury-in-fact.

So moving away from the jurisdictional issues to the framework for resolving a TRO, I begin with the question of likelihood of success. And I'll turn first to plaintiffs' arguments under the Fifth Amendment.

To determine whether a constitutional violation has occurred, the Court must first identify the rights at stake. One case for this is *Hancock v. County of Rensselaer*, 882 F.3d 58 (2d Cir. 2018).

The plaintiffs here are identifying two distinct informational privacy rights: First, medical information; and second, information relating to one's transgender status. And in the Second Circuit's decision of *Powell v. Schriver*, 175 F.3d 107 (2d Cir. 1999), the circuit described it is beyond debate that for persons who wish to preserve privacy in the matter, transgender status is excruciatingly private. Plaintiffs have thus successfully identified a constitutional privacy right.

So in this setting, the constitutional violation occurs when the individual's interest in privacy outweighs the government's interest in breaching it, quoting again from *Hancock*. And where the government is acting in an executive

Q6OVCOED

capacity, courts consider whether the action was so arbitrary as to shock the conscience. *Hancock* speaks to this, and it in turn cites *O'Connor v. Pierson*, 426 F.3d 187 (2d Cir. 2005).

*O'Connor* goes on to note that mere irrationality is not enough. Only the most egregious official conduct will subject the government to liability for a substantive due process violation based on executive action. A court applying a shocks-the-conscience test must always examine the Executive Branch's interest in breaching that privacy; and the stronger the individual interest, the more compelling the government actor's reasons must be.

Again, and for the next few passages, I am quoting from the *Hancock* decision: Courts apply a balancing test to the government's collection or publication of private personal information that is constitutionally protected. And here, the focus of the inquiry is on the government's interest in the information contained in the records and the manner in which those interests might be achieved, as well as the strength of the individual interest in privacy, and that adjusts how closely courts must scrutinize the government's offered justifications.

Here, I find that the balancing test favors plaintiffs' privacy interests.

First, the scope of information sought by the government here, which includes medical assessments, diagnoses,

Q6OVCOED

informed consent records, and revelation of plaintiffs' transgender status, is significant. This level of detail places the information among the most personal and sensitive a medical provider can hold and squarely within the class of intimate material, warranting the strongest constitutional protection. I'm quoting here from a decision of the Eastern District of Pennsylvania: *In re: Subpoena No. 25-1431-014*, 810 F. Supp. 3d 555.

As discussed above, the Court finds that even the provision of anonymized data would lead to the same result.

Second, the problem is compounded by the absence of adequate safeguards to prevent further disclosure of plaintiffs' private information. As I mentioned, I am sensitive to the requirements of Rule 6(e); and yet that rule contains numerous exceptions permitting enter and intra governmental dissemination of this information. And this absence of meaningful protection favors plaintiffs' privacy interests. Indeed, the government concedes to having worked with officials in Texas, where gender-affirming medical care for minors is banned, to establish detransition clinics. These were discussed at page 67 of the transcript.

Turning to the countervailing government interest, I note that the strength of plaintiffs' interest in privacy, which is significant here, adjusts how closely I must scrutinize the government's offered justifications.

Q6OVCOED

I recognize and respect the government's interest in carrying out criminal investigations using the grand jury's subpoena power.  I also reject plaintiffs' attempt to seek what amounts to be an adverse inference based merely on the government's invocation of Rule 6(e).  That said, the context surrounding this subpoena, including the various statements made by executive officers, the recent spate of similar and failed administrative subpoenas, the timeline that is before me, leaves me at pains to understand the precise nature of the government's interest and how any legitimate government interest would be served by the disclosure now sought.

Put someone differently, because I cannot conceive of a crime that would require the breadth of disclosure sought in the subpoena, identifying and sensitive medical information for an entire class of people for a six-year period, I have to find that the government's interest does not outweigh the plaintiffs' interest in privacy.  I also note that even were the government to articulate a cognizable and legitimate interest in the information it seeks, it would not overcome plaintiffs' strong privacy interest.  That's made clear by the Second Circuit's *Hancock* decision.

In sum, the individual's interest in privacy outweighs the government's interest in breaching it.  The enormous scope of information sought and the absence of necessary guardrails outweighs the ill-defined government's interest.  The subpoena,

Q6OVCOED

expressly targeting members of a particular and uniquely vulnerable group, both shocks the conscience and rises to the level of the most egregious official conduct under the *O'Connor* case.

I turn now to the parties' arguments under the Fourth Amendment.

Once again, I know that the parties are aware of the standards, but the Fourth Amendment's protections apply to the grand jury, which is without power to invade a legitimate privacy interest protected by the Fourth Amendment. The *Calandra* decision, *United States v. Calandra*, 414 U.S. 338 (1974), is at issue here — it is discussed by the parties yesterday; as well, the case of *Trump v. Vance,* 480 F. Supp. 3d 460, a Southern District of New York decision that was affirmed by the Second Circuit in 977 F.3d 198.

Demands for information through a *subpoena duces tecum* may constitute a search forbidden by the Fourth Amendment if the terms are unreasonable. That's recognized in the Second Circuit's 1973 decision in *In Re: Horowitz,* 482 F.2d 72. It is quoting *Hale v. Henkel*, 201 U.S. 43 (1906). Whether a particular intrusion is reasonable is measured in objective terms by examining the totality of the circumstances. I'm quoting here from *Ohio v. Robinette*, 519 U.S. 33 (1996).

And this requires balancing the need to search against the invasion which the search entails. Quoting here from *New*

Q6OVCOED

*Jersey v. T.L.O.*, 469 U.S. 325 (1985); and later on, a contextualized reasonableness analysis seeks to balance the intrusion on privacy caused by law enforcement against the justification asserted for it by the government. Quoting here from *Caldarola v. County of Westchester*, 343 F.3d 570 (2d Cir. 2003).

Whether such an intrusion is reasonable depends on the context, including the nature, purposes, and scope of the inquiry. There are many cases for this proposition. One is *Oklahoma Press Publishing Company v. Walling*, 327 U.S. 186. A subpoena that is irrelevant, abusive or harassing, overly vague or excessively broad is unreasonable. Quoting here from the Fourth Circuit's 2007 decision in *In Re: Grand Jury, John Doe No. G.J.2005-2,* 478 F.3d 581.

Plaintiffs allege — returning to this case — that the government's subpoena constitutes an unjustifiable intrusion into their reasonable expectation of privacy under the Fourth Amendment. And I find that on this record the claim is likely to succeed. Specifically, I find that plaintiffs and members of the proposed class and NYU subclass have an objectively reasonable expectation of privacy in the sensitive medical records that the government's subpoena seeks.

During oral argument, the government acknowledged this point explicitly at pages 68 and 69 of the transcript. And federal and state law, including HIPAA and New York's Shield

Q6OVCOED

Law enshrine this privacy right. And that's discussed at the plaintiffs' brief at page 20.

Further, in an analogous context, the Supreme Court has recognized that the patients have an objectively reasonable expectation of privacy in their medical records, even where held by a hospital. In *Ferguson v. City of Charleston*, 532 U.S. 67 (2001), the Court held that where the government conducts a warrantless search of such records, the plaintiffs do not consent to that search, and the government's primary purpose is to generate evidence for law enforcement purposes, the plaintiffs have an objectively reasonable expectation of privacy in their medical records, and the government must get a warrant to search the information.

Such is the case here.

Plaintiffs' disclosure of their sensitive health information to their physicians does not constitute a waiver of their privacy rights, and the government's subpoena does not overcome those privacy rights. Nor, for that matter, am I satisfied that NYU could adequately anonymize the health records to protect plaintiffs' privacy rights. As NYU's counsel acknowledged during oral argument, given the voluminous nature of the records and the ubiquity of personal identifying information therein, it is impossible to guarantee anonymization of plaintiffs' identities.

Finally, I'm persuaded by plaintiffs' argument that

Q6OVCOED

the reasoning in *United States v. Carpenter*, 585 U.S. 296 (2018), applies to this case.  *Carpenter* held that an individual maintains a reasonable expectation of privacy in his cell site location information — even though such information is held by a third party — because the information provides an intimate window into a person's life, revealing not only his particular movements, but through them his familial, political, professional, religious, and sexual associations.  I am quoting from page 311 of that decision.  And as the Supreme Court explained on that same page, such location records hold for many Americans the privacies of life.

Now, I acknowledge that lower courts have declined to extend *Carpenter* in technological contexts beyond the collection of cell site location information.  Nonetheless, I find *Carpenter*'s reasoning directly applicable to the unique circumstances here.

The records that the government's subpoena seeks — six years of aggregated treatment history, diagnoses, family information, and intimate personal detail — are precisely the kinds of privacies of life contemplated in *Carpenter*.  Of course, in *Carpenter* — and the government noted this yesterday — the Supreme Court was careful to recognize the unique nature of cell phone location records.  But as counsel repeatedly emphasized at oral argument — both sides said this — the government's subpoena in this case is also unique, the

Q6OVCOED

facts of this case are also unique, and the subpoena seeks information that would allow the government to compile a sweeping profile of plaintiffs.

So in light of the government's acknowledgment that plaintiffs have an objectively reasonable expectation of privacy in this information, the statutory enshrinement of these privacy rights, and cases such as *Ferguson* and *Carpenter*, I find that plaintiffs have shown that they are likely to succeed in demonstrating a Fourth Amendment violation.

On the New York CPLR Section 4504 claim, it's not clear to me that plaintiffs will be likely to succeed on those merits, in particular because I think that state privilege law might not govern where a federal criminal subpoena compels disclosure. So while I am finding a likelihood of success on the Fourth and Fifth Amendment claims, I am not finding one on the state law claims.

I turn now to the other TRO factors.

The plaintiffs have amply demonstrated the threat of irreparable harm absent relief. They have shown that they're threatened with imminent violation of their constitutional rights in the absence of preliminary relief. That's a quote from the case of *Airbnb, Incorporated v. City of New York*, 373 F. Supp. 3d 467 (S.D.N.Y. 2019). And that showing suffices for purpose of a TRO, as the Second Circuit recognized in *Mitchell v. Cuomo,* 748 F.2d 804 (2d Cir. 1984).

Q6OVCOED

Specifically, plaintiffs in this case sought gender-affirming treatment under a reasonable assumption of absolute privacy. If not enjoined, the subpoena would allow the government to obtain and disclose the most intimate details about plaintiffs' medical histories and personal lives — in particular, their transgender status. It would risk all manner of irreparable harm, including by inflicting deep emotional harm, destroying trust in medical care, and spreading damage to families, peers, and others. I'm quoting from *In re: Subpoena No. 25-1431-014,* the Eastern District of Pennsylvania decision reported at 810 F. Supp. 3d 555.

The injuries that I've just identified inhere in — and, indeed, appear to be the purpose of — the government's acquisition of plaintiffs' identifying and sensitive information, they are not limited to the possibility of public disclosure, even if the latter would exacerbate the harm.

The government, for its part, insists that the secrecy of grand jury proceedings renders concerns about the use and disclosure of patient information, a remote, speculative possibility. But it could offer the Court few assurances at yesterday's hearing that the requested records would not be used to harm plaintiffs.

For example, there was no promise that the records would not be used to prosecute the parents of the patients or the doctors who facilitated treatment. And there was some back

Q6OVCOED

and forth as to whether the minor plaintiffs would themselves face prosecution. I'm hard-pressed for reasons to rely on the government's representations that even the patients would not be prosecuted, especially given the inability to comment on any aspect of the alleged investigation or the subpoena.

Turning now to the balance of equities and the public interest. They are analyzed together because, as I mentioned, the government is a party to the case. They weigh in favor of relief.

In the Southern District decision of *Coronel v. Decker*, 449 F. Supp. 3d 274 (S.D.N.Y. 2020), the Court found that where a grievous constitutional violation is alleged, the public interest is best served by ensuring the constitutional rights of persons within the United States are upheld.

Here, the acquisition and disclosure of plaintiffs' identifying and sensitive personal information raise serious constitutional issues, especially the irreversible revelation of their highly intimate information to the government. The equities thus weigh in favor of temporarily protecting plaintiffs from such disclosure while these legal issues are worked out.

So having determined that plaintiffs are likely to succeed on the merits of their Fifth and Fourth Amendment claims, that they've sufficiently demonstrated irreparable harm, and that the balance of equities and public interest tip

Q6OVCOED

in their favor, I find that plaintiffs are entitled to preliminary injunctive relief.

The next and, I believe, final question before me is the scope of that relief. And on that question, I provisionally certify plaintiffs' proposed class and NYU subclass, and grant classwide declaratory and injunctive relief.

Let me begin.

It is well-established that certain circumstances give rise to the need for prompt injunctive relief for a named plaintiff or on behalf of a class, and that the court may conditionally certify the class or otherwise award a broad preliminary injunction without a formal class ruling under its general equity powers. I'm quoting from the Southern District 2012 decision in *Strouchler v. Shah*, 891 F. Supp. 2d 504.

Last year in *AARP v. Trump*, 605 U.S. 91, the Supreme Court confirmed that courts may issue temporary relief to a putative class, recognizing that exigent circumstances may impose practical constraints, and that preliminary relief is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a civil trial on the merits. I'm quoting from pages 96 and 98 of that decision. And, the Supreme Court reasoned, the purpose of such relief is merely to preserve the relative positions of the parties pending further proceedings. This is from page 96.

Q6OVCOED

In this Court's estimation, the Supreme Court's slightly more recent decision in *Trump v. CASA Inc.*, 606 U.S. 831, does not change or does not modify the district court's authority to issue provisional class certification and to grant classwide temporary relief.

As Judge McMahon in this district explained in *American Council of Learned Societies v. McDonald,* 792 F. Supp. 3d 448, *CASA* counsels us — and I'm quoting from her — that limited preliminary relief for a purported but still defined class of individuals is not the type of relief prohibiting the enforcement of a law or policy against anyone to which the decision in *CASA* applied.

Indeed, preliminary injunctive relief that relates solely to the pleaded classes is not broader than necessary to provide complete relief to each plaintiff with standing to sue.

At oral argument, the government may have misperceived the Supreme Court's obvious disfavor of universal or nationwide injunctions, and what is believed to be that particular procedural posture's circumvention of Rule 23's procedural protections in *CASA* to disallow any preliminary classwide relief.

Let me try that again.

I do think that the government overstated or misunderstood what the Supreme Court was complaining about in *CASA*. And in my mind, they were complaining about the

Q6OVCOED

nationwide injunction and not about class action.  Because in *CASA*, the Supreme Court specifically condemned universal injunctions as a class action workaround at page 850 of the decision.  And they even asked the rhetorical question:  Why bother with a Rule 23 class action when the quick fix of a universal injunction is on the table?

The government agreed that the plaintiffs need to make a Rule 23 showing to obtain classwide relief, and that is what plaintiffs have tried to do in this case.  My role as a district judge is to evaluate whether they had made a sufficient showing to satisfy the requirements of Rule 23 and warrant preliminary classwide relief.

And, ultimately, I find that they have made such a showing on a preliminary basis.  The proposed class and NYU subclass are likely to satisfy the Rule 23(a) requirements of numerosity, with well over 40 minor patients who sought gender-affirming medical care at NYU Langone alone; commonality, including common injuries arising from the imminent disclosure of identifying and sensitive health information; typicality, as plaintiffs' claims are typical of the proposed class and NYU subclass, especially given that the claims arise from the same course of conduct; and adequacy where there is no fundamental conflict between the named plaintiffs and other members of the putative classes — class and subclass; and where plaintiffs can't fairly and adequately

Q6OVCOED

protect the interests of the class and subclass.

In addition, plaintiffs' proposed class and NYU subclass appear to meet the Second Circuit's additional requirement of ascertainability, because membership can be clearly and objectively ascertained based on information regarding specific, defined forms of medical care received during a discrete time period from healthcare entities within a discrete geographic location. The ascertainability requirement is discussed in cases including *In re Petrobras Securities*, 862 F.3d 250 (2d Cir. 2017).

Let me also note that plaintiffs' proposed class and subclass very likely satisfy Rule 23(b)(2). And central to a (b)(2) class — and I'll quote here — The indivisible nature of the injunctive or declaratory remedy warranted — the notion that the conduct is such that it can be enjoined or declared unlawful only as to the all of the class members or as to none of them. The quote here is from *Wal-Mart Stores Incorporated v. Dukes,* 564 U.S. 338 (2011).

Here, I find that provisional certification under 23(b)(2) is particularly suitable because defendants' conduct applies generally to the class members and would injure the class members in the same way, and because plaintiffs seek a uniform remedy to enjoin what they have described as defendants' unlawful conduct.

In conclusion, the Court is granting plaintiffs'

Q6OVCOED

application for a TRO, and their motion for provisional certification of the class and the NYU subclass.

Let me talk to the parties now about housekeeping measures going forward.

Given the 14-day timeline of the TRO, it is my intention to set Wednesday, July 8th, as the date of the preliminary injunction hearing. But I did want the parties to speak about that.

For example, if the parties need more time because of discovery or need less time or have decided that they have given me all of their best arguments and there is no reason for an additional hearing, I want to know. But I did want to give everyone a chance to sit with this decision and think about what options make the most sense for your clients.

So what I will ask is if I could have a letter by the end of the day on Friday, joint letter from the parties, telling me what their pleasure is with respect to additional discovery or motion practice or briefing. And I will endorse it if it is reasonable.

I am also terminating the motion that is pending at docket entry 16 because it's been resolved by this decision.

To my friends at the plaintiffs' table, that is my decision. Is there anything I have neglected to do, Mr. Strangio?

MR. STRANGIO: No, your Honor. We thank the Court for

Q6OVCOED

the thorough decision and expedited resolution of the TRO. And we will get that letter to the Court by the end of the day on Friday.

THE COURT: I thank you so much.

Mr. Miller, from the DOJ's perspective, is there anything I've forgotten to do?

MR. MILLER: Nothing further, your Honor. Thank you.

THE COURT: I thank you so much.

All right. And Mr. Cunha, last, but never least, sir, is there anything that you would like me to do that I have failed to do?

MR. CUNHA: Much appreciated. No, your Honor.

THE COURT: All right. With that, I know you have better things to do than listen to me read another decision, so I will let you go with my deep thanks. And I look forward to hearing from you all on Friday.

Take care, everyone. Thank you.

*     *     *

Addendum B

<u>Issue on Appeal</u>

1. Whether the district court erred in entering a preliminary injunction, despite threshold problems with plaintiffs' choice of forum and procedural vehicle and plaintiffs' lack of persuasive merits arguments.

<u>Standard of Review</u>

A "district court's decision to grant a preliminary injunction" is reviewed "for abuse of discretion." *City of N.Y. v. Henriquez*, 98 F.4th 402, 411 (2d Cir. 2024). "A district court abuses its discretion when (1) its decision rests upon an error of law or a clearly erroneous factual finding, or (2) its decision otherwise cannot be located within the range of permissible decisions." *Id.* This Court "examine[s] the district court's legal judgments de novo, in no way constrained by the district court's determination." *Id.*