# 26-1886

# United States Court of Appeals for the Second Circuit

CARTER COE,
by and through his parent and next friend Caroline Coe, et al.,

*Plaintiffs-Appellees,*

v.

TODD BLANCHE, Acting United States Attorney General,
in his official capacity, et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Southern District of New York

**MEMORANDUM OF LAW FOR STATES OF NEW YORK, MASSACHUSETTS, ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, ILLINOIS, MAINE, MARYLAND, MICHIGAN, MINNESOTA, NEVADA, NEW JERSEY, NEW MEXICO, OREGON, RHODE ISLAND, VERMONT, VIRGINIA, WASHINGTON, AND WISCONSIN, AND THE DISTRICT OF COLUMBIA AS AMICI CURIAE IN SUPPORT OF APPELLEES AND IN OPPOSITION TO APPELLANTS' MOTION FOR A STAY PENDING APPEAL**

ANDREA JOY CAMPBELL
 *Attorney General*
 *Commonwealth of Massachusetts*
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200

LETITIA JAMES
 *Attorney General*
 *State of New York*
28 Liberty Street
New York, New York 10005
(212) 416-6274

Dated: August 5, 2026

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................ii

INTERESTS OF AMICI STATES ............................................................ 1

ARGUMENT

THE DEPARTMENT OF JUSTICE SEEKS TO INTERFERE WITH AMICI STATES' AUTHORITY TO REGULATE THE PRACTICE OF MEDICINE............ 4

    A.   States Have a Long History of Exercising Their Sovereign Powers to Regulate the Practice of Medicine............................ 4

    B.   New York and Many Other Amici States Have Exercised Their Police Powers to Protect Access to Transgender Healthcare............................................................................ 7

CONCLUSION .................................................................................. 14

i

# TABLE OF AUTHORITIES

**Cases**                                                          **Page(s)**

*Dent v. West Virginia,*
129 U.S. 114 (1889) ............................................................................ 4

*Gonzales v. Oregon,*
546 U.S. 243 (2006) ............................................................................ 5

*Hillsborough Cnty. v. Automated Med. Lab'ys, Inc.,*
471 U.S. 707 (1985) ......................................................................... 4-5

*In re Boston Children's Hospital Subpoena,*
No. 1:25-mc-91324, 2025 WL 2607784 (D. Mass. Sept. 9, 2025) ....... 13

*Massachusetts v. Trump,*
No. 25-cv-12162, 2026 WL 1584837 (D. Mass. June 3, 2026) ............ 13

*Medtronic, Inc. v. Lohr,*
518 U.S. 470 (1996) ............................................................................ 4

*Metropolitan Life Ins. Co. v. Massachusetts,*
471 U.S. 724 (1985) ............................................................................ 4

*Watson v. Maryland,*
218 U.S. 173 (1910) ............................................................................ 5

**Constitutions**

U.S. Const. amend. X ......................................................................... 4

N.Y. Const. art. 1 § 11 ....................................................................... 7

**Laws, Rules & Regulations**

***Federal***

Fed. R. App. Proc. 29 ......................................................................... 2

**Laws, Rules & Regulations**                                    **Page(s)**

*States & District of Columbia* (*alphabetical by jurisdiction*)

*California*

Cal. Bus. & Prof. Code
    § 850.1 ............................................................................................. 11
    § 852 ................................................................................................ 11

Cal. Civ. Code
    § 51(b) ............................................................................................... 7
    § 51(e)(6) .......................................................................................... 7
    § 56.109 ............................................................................................ 8

Cal. Gov't Code
    § 12940(a) ........................................................................................ 7
    § 12955 .............................................................................................. 7

Cal. Ins. Code § 10133.13 ................................................................... 11

Cal. Code Regs. tit. 10, § 2561.2(a) ................................................... 9

*Colorado*

Colo. Rev. Stat.
    § 10-4-109.6(1) ............................................................................... 11
    § 10-16-121(1)(f) ............................................................................ 8
    § 12-30-121 ..................................................................................... 11
    § 13-21-133 ..................................................................................... 8
    § 16-3-102 ....................................................................................... 8
    § 16-3-301 ....................................................................................... 8

Code Colo. Regs. § 702-4, Reg. 4-2-42, sec. 5(A)(1)(o) .................... 9

*Connecticut*

Conn. Gen. Stat.
    § 10-15c ............................................................................................. 7
    § 19a-17e ...................................................................................... 8, 11

iii

**Laws, Rules & Regulations** <span style="float:right">**Page(s)**</span>

Conn. Gen. Stat.
    § 20-579a ........................................................................................ 11
    § 46a-58 et seq. .............................................................................. 7
    § 52-146w ......................................................................................... 8
    § 52-571m .................................................................................... 8, 11

*Delaware*

Del. Code
    tit. 6, ch. 45 .................................................................................... 7
    tit. 6, ch. 46 .................................................................................... 7
    tit. 18, § 2304 ................................................................................. 9
    tit. 19, ch. 7 .................................................................................... 7

*District of Columbia*

D.C. Code § 2-1401.01 et seq. ................................................................. 7

*Illinois*

215 Ill. Comp. Stat. 5/356z.60(b) ............................................................. 9

225 Ill. Comp. Stat
    60/22(C) ........................................................................................ 11
    60/23(A)(3) ................................................................................... 11

735 Ill. Comp. Stat. 40/28-5 et seq. ........................................................ 8

775 Ill. Comp. Stat.
    5/1-102(A) ...................................................................................... 7
    5/1-103(O-1) .................................................................................. 7
    5/1-103(Q) ...................................................................................... 7

Ill. Admin. Code
    tit. 50, § 2603.35 ........................................................................... 9
    tit. 89, § 140.413(a)(16) .............................................................. 8
    tit. 89, § 140.440(h) ..................................................................... 8

## Laws, Rules & Regulations                                   Page(s)

*Maine*

Me. Rev. Stat.
  tit. 5, § 4551 et seq. ................................................................. 7
  tit. 14, § 9001 et seq. ............................................................... 8
  tit. 22, § 1508 ......................................................................... 8
  tit. 22, § 3174-MMM ............................................................. 9

*Maryland*

Md. Code Ann., Educ. § 26-704 ..................................................... 7

Md. Code Ann., Health-Gen. § 15-151 ........................................... 8

Md. Code Ann., Health Occ. § 1-227 ............................................. 11

Md. Code Ann., Ins. § 15-1A-22 ................................................... 9

Md. Code Ann., State Gov't
  § 20-606 ................................................................................. 7
  § 20-705 ................................................................................. 7
Md. Code Ann., State Pers. & Pens. § 2-312 ................................. 8

*Massachusetts*

Mass. Gen. Laws
  ch. 12, § 11I½(b)-(d) ............................................................... 8
  ch. 112, § 5F½ ....................................................................... 11
  ch. 112, § 77 .......................................................................... 11
  ch. 112, § 128 ........................................................................ 11
  ch. 147, § 63 .......................................................................... 8
  ch. 151B, § 4 .......................................................................... 7
  ch. 272, § 92A ..................................................................... 7, 9
  ch. 272, § 98 ....................................................................... 7, 9
  ch. 276, § 13 .......................................................................... 8

**Laws, Rules & Regulations**                                          **Page(s)**

*Michigan*

Mich. Comp. Laws § 37.2202(1)(a) ............................................................. 7

*Minnesota*

Ch. 29, 2023 Minn. Laws 286 ...................................................................... 8

Minn. Stat.
    § 62Q.585 ............................................................................................. 9
    § 256B.0625, subd. 3a ....................................................................... 9
    § 260.925 ............................................................................................. 8
    § 363A.03, subd. 50 ........................................................................... 7
    § 363A.01 et seq. ................................................................................ 7

*Nevada*

Nev. Rev. Stat.
    § 118.100 ............................................................................................. 7
    § 284.150(3) ........................................................................................ 7
    § 439.994 ............................................................................................. 7
    § 449.101(1) ........................................................................................ 7
    § 613.330 ............................................................................................. 7

*New Jersey*

N.J. Stat. Ann.
    § 10:5-1 et seq. ................................................................................... 7
    § 17:48-6oo ..................................................................................... 7, 9
    § 18A:36-41 ........................................................................................ 7

N.J.A.C. Executive Order No. 326 (2023) .................................................. 8

*New York*

N.Y. Civ. Rights Law
    § 40-c ................................................................................................... 7
    § 70-b ................................................................................................... 8

## Laws, Rules & Regulations                                           Page(s)

N.Y. C.P.L.R.
    3102 ........................................................................................... 8
    3119 ........................................................................................... 8
    4550 ........................................................................................... 8
    4504 ......................................................................................... 10

N.Y. Educ. Law
    § 6530(23) ............................................................................... 10
    § 6531-b ................................................................................... 11

N.Y. Exec. Law
    § 296-a ...................................................................................... 7
    § 296-b ...................................................................................... 7
    § 837-x ....................................................................................... 8

N.Y. Fam. Ct. Act § 659 ................................................................... 8

N.Y. Gen. Bus. Law § 899-aa ......................................................... 10

N.Y. Ins. Law
    § 2607 ....................................................................................... 10
    § 3243 ....................................................................................... 10
    § 3436-a ................................................................................... 11
    § 4300 ....................................................................................... 10

N.Y. Mental Hyg. Law § 33.13 ........................................................ 10

N.Y. Pub. Health Law
    § 18 ........................................................................................... 10
    § 2782 ....................................................................................... 10
    § 4410 ....................................................................................... 10

N.Y. Comp. Codes R. & Regs.
    tit. 9, § 466.13 ........................................................................... 7
    tit. 10, § 405.7(c)(2) ................................................................... 8
    tit. 11, § 52.72 ........................................................................... 10

**Laws, Rules & Regulations** **Page(s)**

N.Y. Comp. Codes R. & Regs.
   tit. 11, § 52.75 .......................................................................................... 9
   tit. 18, § 505.2(*l*) ...................................................................................... 8

*Oregon*

Or. Rev. Stat.
   § 15.430 ..................................................................................................... 8
   § 24.500 ..................................................................................................... 8
   § 414.769 ................................................................................................... 8
   § 435.210 ................................................................................................... 8
   § 435.240 ................................................................................................... 8
   § 659A.006 ................................................................................................ 7
   § 659A.030 ................................................................................................ 7
   § 659A.403 ................................................................................................ 7
   § 659A.421 ................................................................................................ 7
   § 675.070 ................................................................................................. 11
   § 675.540 ................................................................................................. 11
   § 675.745 ................................................................................................. 11
   § 676.313 ................................................................................................. 11
   § 677.190 ................................................................................................. 11
   § 678.138 ................................................................................................. 11
   § 685.110 ................................................................................................. 11
   § 689.405 ................................................................................................. 11

Or. Admin. R. 836-053-0441 ........................................................................ 9

*Rhode Island*

R.I. Gen. Laws
   § 5-37.8-1 ................................................................................................ 11
   § 11-24-2 ................................................................................................... 7
   § 28-5-5 ..................................................................................................... 7
   § 28-5.1-12 ............................................................................................... 7
   § 28-6-18 ................................................................................................... 7
   § 34-37-2 ................................................................................................... 7
   § 34-37-4 ................................................................................................... 7

**Laws, Rules & Regulations**                                    **Page(s)**

R.I. Gen. Laws
   § 34-37-4.3 ............................................................................. 7
   § 34-37-5.2 ............................................................................. 7
   § 34-37-5.3 ............................................................................. 7
   § 34-37-5.4 ............................................................................. 7

*Vermont*

Vt. Stat. Ann.
   tit. 8, § 4071 .......................................................................... 9
   tit. 8, § 4724 .......................................................................... 9
   tit. 9, § 4502 .......................................................................... 8
   tit. 9, § 4503 .......................................................................... 8
   tit. 12, § 7301 et seq. ............................................................. 8
   tit. 21, § 495 .......................................................................... 8

*Washington*

Wash. Rev. Code
   § 7.115 et seq. ....................................................................... 8
   § 49.60.030(1) ....................................................................... 8
   § 49.60.040(2) ....................................................................... 8
   § 49.60.040(29) ..................................................................... 8
   § 49.60.215 ............................................................................ 8

**Miscellaneous Authorities***

Federation of State Medical Boards, *Contact a State Medical Board* (n.d.), https://www.fsmb.org/contact-a-state-medical-board ................................................................................. 5-6

MassHealth, *Gender-Affirming Care Covered by MassHealth* (n.d.) https://perma.cc/YC87-7ZPH .............................................. 8

---

*All websites last visited August 5, 2026.

**Miscellaneous Authorities**                                    **Page(s)**

Mass. Div. of Ins., *Bull. No. 2014-03: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary Transgender Surgery and Related Health Care Services* (June 20, 2014), https://www.mass.gov/doc/bulletin-2014-03-guidance-regarding-prohibited-discrimination-on-the-basis-of-gender-identity-or-gender-dysphoria-including-medically-necessary-transgender-surgery-and-related-health-care-services-issued-62014/download...................................................................9

Mass. Div. of Ins., *Bull. No. 2021-11: Prohibited Discrimination on the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary Gender Affirming Care and Related Services* (Sept. 9, 2021), https://www.mass.gov/doc/bulletin-2021-11-prohibited-discrimination-on-the-basis-of-gender-identity-or-gender-dysphoria-including-medically-necessary-gender-affirming-care-and-related-services-issued-september-9-2021/download...................................................................9

Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 19-06: Compliance with Federal Nondiscrimination Provisions* (Mar. 1, 2019), https://perma.cc/38YL-FWUQ.................8-9

Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 21-28: Coverage of Gender Affirmation Services* (Sept. 30, 2021), https://perma.cc/96GE-9GFZ...................................................9

Nev. Medicaid Servs. Manual § 608 (May 27, 2026), https://perma.cc/B634-8HLU...................................................9

N.Y. Department of Fin. Servs., *Ins. Circular Letter No. 8, Discrimination Based on Sexual Orientation, Gender Identity or Expression, or Transgender Status* (July 23, 2019), https://perma.cc/X37G-62RH...................................................10

**Miscellaneous Authorities** **Page(s)**

N.Y. Department of Fin. Servs., Press Release, *NYS Office of Mental Health and Department of Financial Services Announce NY Insurance Carriers Complying with State Requirements to Provide Coverage for All Gender-Affirming Treatments* (June 29, 2021), https://perma.cc/L6Z3-27CN ..............................................11

Patricia J. Zettler, *Toward Coherent Federal Oversight of Medicine*, 52 San Diego L. Rev. 427 (2015) ........................................5-6

R.I. Gender Dysphoria/Gender Nonconformity Coverage Guidelines (Oct. 28, 2015), https://perma.cc/E9DH-KYV4 ..................9

R.I. Off. Health Ins. Comm'r, *Health Ins. Bull. No. 2015-3: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Expression* (Nov. 23, 2015), https://perma.cc/MB57-YNBZ................................................................9

UCLA Sch. of Law Williams Inst., *Shield Laws for Reproductive and Gender-Affirming Health Care: A State Law Guide* (Aug. 2024), https://perma.cc/Y2W5-EPD2.........................................................8

## INTERESTS OF AMICI STATES

In 2025, the Department of Justice (DOJ) served numerous civil administrative subpoenas across the country on medical providers of transgender healthcare for minors. Courts have repeatedly quashed these subpoenas, finding they were part of a systematic campaign against transgender healthcare; served no legitimate investigatory purpose; were overly broad, harassing, and intrusive; jeopardized the health and welfare of state residents; and threatened to undermine States' sovereign interest in regulating the practice of medicine.

DOJ now attempts to seek the same information through a federal grand jury subpoenas from the U.S. Attorney's Office for the Northern District of Texas served on medical providers of transgender healthcare for minors, including New York University (NYU) Langone Hospitals. The subpoenas, which seek identifying and sensitive personal healthcare information, suffer from the same defects as the civil administrative subpoenas that courts have rejected.

The U.S. District Court for the Southern District of New York (Faillia, J.) properly issued a preliminary injunction barring DOJ from

seeking personal healthcare information from providers of transgender healthcare to minors in New York City. The States of New York, Massachusetts, Arizona, California, Colorado, Connecticut, Delaware, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Rhode Island, Vermont, Virginia, Washington, and Wisconsin, and the District of Columbia submit this brief in support of plaintiffs' opposition to DOJ's motion to stay the preliminary injunction pending appeal.[1]

Amici States are home to hospitals, like NYU Langone Hospitals, that provide essential and life-saving care to thousands of people every year, including transgender healthcare. These hospitals are at the fore-front of biomedical research, and they amici States' economies by creating jobs, spurring innovation, improving residents' health, and training the workforce. Amici States have strong interests in regulating the practice of medicine in their jurisdictions, including by licensing doctors and other

---

[1] Although amici States can likely file this brief without leave, *see* Fed. R. App. P. 29(a)(2), in an abundance of caution, we obtained consent from all parties to this appeal for a timely filed brief by amici States. The NYU defendants have not appeared in this appeal, and their counsel below did not respond to our request for consent.

medical professionals and implementing and enforcing standards of care for a variety of medical treatments. Many amici States have enacted laws safeguarding access to transgender healthcare services and protecting people who lawfully provide or help others access such care. In many amici States' experience, these laws are necessary to uphold the rights and dignity of our transgender residents and the health and well-being of our communities.

Amici States thus have strong interests in the preliminary injunction here. The federal grand jury subpoenas seek to intimidate medical providers into ceasing to offer lawful and medically necessary healthcare to transgender youth, one of the most vulnerable populations. Indeed, the subpoenas place medical providers and hospital administrators in the crosshairs of criminal enforcement mechanisms merely for providing this care. If a stay were granted and providers like NYU Langone Hospitals were forced to comply with these subpoenas, it would threaten the health and welfare of the people of New York and other amici States, impede core economic activities of amici States, and encroach on amici States' traditional role as the regulators of medicine.

3

## ARGUMENT

### THE DEPARTMENT OF JUSTICE SEEKS TO INTERFERE WITH AMICI STATES' AUTHORITY TO REGULATE THE PRACTICE OF MEDICINE

**A.    States Have a Long History of Exercising Their Sovereign Powers to Regulate the Practice of Medicine.**

As sovereigns of their respective territories, States have the power to provide for the health, welfare, safety, and security of the people. *See Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 756 (1985); *see also Hillsborough Cnty. v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 719 (1985). DOJ's campaign against transgender healthcare—including the grand jury subpoenas at issue—seeks to upend this fundamental principle.

The Tenth Amendment reserves for the States all rights and powers "not delegated to" the federal government. U.S. Const. amend. X. These traditional state police powers include the "power to protect the health and safety of their citizens." *Id.*; *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 475 (1996). Since at least 1889, the authority to regulate the practice of medicine has been recognized as among these powers. *Dent v. West Virginia*, 129 U.S. 114, 122 (1889) (since "time immemorial," States have had discretion to set medical-licensing requirements). Though Congress

4

may regulate interstate activities, the Executive may not adopt novel interpretations of statutes to disrupt a State's medical regulatory framework by inventing novel forms of criminal activity. *See Gonzales v. Oregon*, 546 U.S. 243, 269-70 (2006) (Controlled Substances Act did not prohibit Oregon doctors from prescribing medication authorized through ballot measure). Courts have upheld a broad set of "state medical practice laws against constitutional challenges, making clear that states are generally authorized to legislate in the medical practice area."[2]

States have exercised their power to regulate medicine in various ways. States define the scope of medical practice and require medical licenses for practitioners.[3] Since 1895, all States have boards that oversee the licensing of medical professionals.[4] Fundamental and consistent

---

[2] Patricia J. Zettler, *Toward Coherent Federal Oversight of Medicine*, 52 San Diego L. Rev. 427, 448 (2015); s*ee also Hillsborough Cnty.*, 471 U.S. at 719 ("regulation of health and safety matters is primarily, and historically, a matter of local concern"); *Watson v. Maryland*, 218 U.S. 173, 176 (1910).

[3] Zettler, *supra*, at 449-50 (citing Robert I. Field, *Health Care Regulation in America: Complexity, Confrontation, and Compromise* 19 (2007).

[4] Zettler, *supra*, at 450 (citing Robert C. Derbyshire, *Medical Licensure and Discipline in the United States* 8 (1969)); *see also* Federa-

(continued on the next page)

requirements for obtaining a medical license include graduation from an accredited medical school, completing one or more years of residency or fellowship, and passing a licensing examination.[5] Additional requirements may include interviews, documented lack of criminal history, and medical malpractice insurance coverage.[6] States, through their legislatures and regulatory boards, also regulate medical practice by disciplining licensees who act illegally or unethically or who violate standards of care and by directly regulating how licensed practitioners may conduct medical practice.[7]

---

tion of State Medical Boards, *Contact a State Medical Board* (n.d.) https://www.fsmb.org/contact-a-state-medical-board. (All websites last visited August 5, 2026).

[5] Zettler, *supra*, at 450 (citing Nadia N. Sawicki, *Character, Competence and the Principles of Medical Discipline*, 13 J. Health Care L. & Pol'y 285, 290 (2010)).

[6] *Id.*

[7] *Id.* at 450-52.

**B.  New York and Many Other Amici States Have Exercised Their Police Powers to Protect Access to Transgender Healthcare.**

States have exercised their police powers to protect vulnerable groups against discrimination and ensure equal access to critical healthcare. Consistent with state policy judgments about protecting minority populations and prohibiting discrimination, New York and many other amici States have enacted civil rights protections for transgender people in education, employment, healthcare, housing, public accommodations, and other parts of public life.[8]

New York and many other amici States have also taken steps to safeguard access to transgender healthcare, exercising their sovereign

---

[8] *E.g.*, N.Y. Const. art. 1 § 11; N.Y. Exec. Law §§ 296-a, 296-b; N.Y. Civ. Rights Law § 40-c; 9 N.Y.C.R.R. § 466.13; Mass. Gen. Laws ch. 151B, § 4; Mass. Gen. Laws ch. 272, §§ 92A, 98; Cal. Civ. Code §§ 51(b), 51(e)(6); Cal. Gov't Code §§ 12940(a), 12955; Md. Code Ann., Educ. § 26-704; Conn. Gen. Stat. §§ 10-15c, 46a-58 et seq.; Del. Code tit. 6, chs. 45, 46; Del. Code tit. 19, ch. 7; D.C. Code § 2-1401.01 et seq.; 775 Ill. Comp. Stat. 5/1-102(A), 5/1-103(O-1), 5/1-103(Q); Me. Rev. Stat. tit. 5, § 4551 et seq.; Md. Code Ann., State Gov't §§ 20-606, 20-705; Mich. Comp. Laws § 37.2202(1)(a); Minn. Stat. §§ 363A.03, subd. 50, 363A.01 et seq.; Nev. Rev. Stat. §§ 118.100, 284.150(3), 439.994, 449.101(1), 613.330; N.J. Stat. Ann. §§ 10:5-1 et seq., 17:48-6oo, 18A:36-41; Or. Rev. Stat. §§ 659A.006, 659A.030, 659A.403, 659A.421; R.I. Gen. Laws §§ 11-24-2, 28-5-5, 28-5.1-12, 28-6-18, 34-37-2, 34-37-4, 34-37-4.3, 34-37-5.2, 34-37-5.3, 34-37-5.4;

*(continued on the next page)*

7

judgment that such safeguards promote public health. For instance, they recognize a legal right to transgender healthcare and have enacted laws to protect people in their States who access, provide, or assist with the provision of that care from civil or criminal penalties by out-of-state jurisdictions that outlaw it.[9] Many amici States, including New York, also cover transgender healthcare through their State Medicaid programs,[10] and they prohibit state-regulated health insurance plans

---

Vt. Stat. Ann. tit. 9, §§ 4502, 4503; Vt. Stat. Ann. tit. 21, § 495; Wash. Rev. Code §§ 49.60.030(1), 49.60.040(2), 49.60.040(29), 49.60.215.

[9] *E.g.*, N.Y. Exec. Law § 837-x; N.Y. C.P.L.R. 3119, 3102, 4550; N.Y. Fam. Ct. Act § 659, N.Y. Civ. Rights Law § 70-b; 10 N.Y.C.R.R. § 405.7(c)(2); Mass. Gen. Laws ch. 12, § 11I½(b)-(d); Mass. Gen. Laws ch. 147, § 63; Mass. Gen. Laws ch. 276, § 13; Cal. Civ. Code § 56.109; Colo. Rev. Stat. §§ 10-16-121(1)(f), 13-21-133, 16-3-102, 16-3-301; Conn. Gen. Stat. §§ 19a-17e, 52-146w, 52-571m; 735 Ill. Comp. Stat. 40/28-5 et seq.; Me. Rev. Stat. tit. 14, § 9001 et seq.; Me. Rev. Stat. tit. 22, §§ 1508; Md. Code Ann., State Pers. & Pens. § 2-312; Ch. 29, 2023 Minn. Laws 286; Minn. Stat. § 260.925; Or. Rev. Stat. §§ 15.430, 24.500, 414.769, 435.210, 435.240; Vt. Stat. Ann. tit. 12, § 7301 *et seq.*; Wash. Rev. Code § 7.115 et seq.; N.J.A.C. Executive Order No. 326 (2023); *see also* UCLA Sch. of Law Williams Inst., *Shield Laws for Reproductive and Gender-Affirming Health Care: A State Law Guide* (Aug. 2024), https://perma.cc/Y2W5-EPD2.

[10] *See, e.g.,* 18 N.Y.C.R.R. § 505.2(*l*); MassHealth, *Gender-Affirming Care Covered by MassHealth* (n.d.), https://perma.cc/YC87-7ZPH; Md. Code Ann., Health-Gen. § 15-151; Ill. Admin. Code tit. 89, §§ 140.413(a)(16), 140.440(h); Mich. Dep't of Health & Human Servs.,

(*continued on the next page*)

8

from withholding coverage from individuals based on their gender identity or gender dysphoria, thereby ensuring that transgender residents enjoy the same coverage for medically necessary treatment as residents who are not transgender.[11] These protective measures include efforts to

---

*Med. Servs. Admin. Bull. No. 19-06: Compliance with Federal Nondiscrimination Provisions* (Mar. 1, 2019), https://perma.cc/38YL-FWUQ; Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 21-28: Coverage of Gender Affirmation Services* (Sept. 30, 2021), https://perma.cc/96GE-9GFZ; Minn. Stat. § 256B.0625, subd. 3a; Nev. Medicaid Servs. Manual § 608 (May 27, 2026), https://perma.cc/B634-8HLU; R.I. Gender Dysphoria/Gender Nonconformity Coverage Guidelines (Oct. 28, 2015), https://perma.cc/E9DH-KYV4; Vt. Stat. Ann. tit. 8, § 4071.

[11] *E.g.*, 11 N.Y.C.R.R. § 52.75; Mass. Gen. Laws ch. 272, §§ 92A, 98; Cal. Code Regs. tit. 10, § 2561.2(a); Code Colo. Regs. § 702-4, Reg. 4-2-42, sec. 5(A)(1)(o); Del. Code tit. 18, § 2304; 215 Ill. Comp. Stat. 5/356z.60(b); Ill. Admin. Code tit. 50, § 2603.35; Me. Rev. Stat. tit. 22, § 3174-MMM; Md. Code Ann., Ins. § 15-1A-22; Minn. Stat. § 62Q.585; N.J. Stat. Ann. § 17:48-6oo; Or. Admin. R. 836-053-0441; R.I. Off. Health Ins. Comm'r, *Health Ins. Bull. No. 2015-3: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Expression* (Nov. 23, 2015), https://perma.cc/MB57-YNBZ; Vt. Stat. Ann. tit. 8, §§ 4071, 4724; Mass. Div. of Ins., *Bull. No. 2021-11: Prohibited Discrimination on the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary Gender Affirming Care and Related Services* (Sept. 9, 2021), https://www.mass.gov/lists/doi-bulletins; Mass. Div. of Ins., *Bull. No. 2014-03: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary Transgender Surgery and Related Health Care Services* (June 20, 2014), https://www.mass.gov/lists/doi-bulletins.

preserve confidentiality of patient records.[12] In New York, for instance, state law governing the physician-patient relationship prohibits healthcare providers from disclosing patient information without patient consent.[13]

New York also ensures that transgender patients are not denied or limited coverage for care that is ordinarily available.[14] In 2019, the New York State Department of Financial Services (NYSDFS) confirmed that "New York state law prohibits discrimination based on sexual orientation, gender identity or expression, or transgender status."[15] In 2021, NYSDFS announced that insurance carriers in New York, including some that previously excluded forms of transgender healthcare, were comply-

---

[12] *E.g.*, N.Y. Pub. Health Law §§ 18, 4410, 2782; N.Y. Mental Hyg. Law § 33.13; N.Y. Gen. Bus. Law § 899-aa.

[13] N.Y. C.P.L.R. 4504; N.Y. Educ. Law § 6530(23).

[14] *See, e.g.*, N.Y. Ins. Law §§ 2607, 3243, 4330; 11 N.Y.C.R.R. § 52.72 (same).

[15] NYDFS, *Ins. Circular Letter No. 8, Discrimination Based on Sexual Orientation, Gender Identity or Expression, or Transgender Status* (July 23, 2019), https://perma.cc/X37G-62RH.

ing with the new requirement to provide complete coverage for gender dysphoria.[16]

Similarly, many amici States have enacted laws that exclude the provision of transgender healthcare from the definition of "professional misconduct" and that shield medical providers from facing professional discipline based solely on an out-of-state conviction or adverse license action resulting from the provision of transgender healthcare.[17] New York and some amici States bar medical malpractice insurers from taking adverse action against medical professionals because they provide transgender healthcare.[18] Other amici States mandate training for healthcare

---

[16] NYDFS, Press Release, *NYS Office of Mental Health and Department of Financial Services Announce NY Insurance Carriers Complying with State Requirements to Provide Coverage for All Gender-Affirming Treatments* (June 29, 2021), https://perma.cc/L6Z3-27CN.

[17] *E.g.,* R.I. Gen. Laws § 5-37.8-1; Mass. Gen. Laws ch. 112, §§ 5F½, 77, 128; Cal. Bus. & Prof. Code §§ 850.1, 852; Conn. Gen. Stat. §§ 19a-17e, 20-579a, 52-571m; Colo. Rev. Stat. § 12-30-121; Md. Code Ann., Health Occ. § 1-227; N.Y. Educ. Law § 6531-b; Or. Rev. Stat. §§ 675.070, 675.540, 675.745, 677.190, 678.138, 685.110, 689.405; 225 Ill. Comp. Stat. 60/22(C).

[18] *E.g.*, N.Y. Ins. Law § 3436-a; Colo. Rev. Stat. § 10-4-109.6(1); Or. Rev. Stat. § 676.313; 225 Ill. Comp. Stat 60/23(A)(3).

professionals to ensure that patients who identify as transgender, gender diverse, and intersex receive trans-inclusive care.[19]

Taken together, these laws and policies reflect many amici States' commitment to preserving the medical profession's integrity, protecting the equality of all people, and ensuring that people with gender dysphoria are not denied medically necessary healthcare. In the experience of many amici States, these laws and policies are essential to address long-standing inequities in healthcare. The laws and policies discussed above adhere to medical standards of care and respect the doctor-patient relationship, thereby preserving the medical profession's integrity and ethics. More importantly, these laws result in better health outcomes for transgender adolescents, safeguarding their physical, emotional, and financial wellbeing.

Despite no federal law explicitly prohibiting gender-affirming care, the purpose of the subpoenas served on providers like NYU Langone Hospital is to end scientifically proven transgender healthcare for adolescents. As federal courts across the country have held with respect to DOJ's

---

[19] *E.g.*, Cal. Ins. Code § 10133.13.

civil subpoenas, sweeping requests for sensitive patient-identifying information—including records of all patients who have received a particular type of medical care—appear to represent a radical departure from DOJ's prior practice and makes express the "policy goal" of the Executive Branch to harm a politically disfavored minority. *See, e.g.*, *In re Boston Children's Hospital Subpoena*, No. 1:25-mc-91324, 2025 WL 2607784 at \*7 (D. Mass. Sept. 9, 2025), *appeal docketed*, No. 26-1093 (1st Cir. Jan. 30, 2026). As one court concluded, DOJ's campaign against transgender healthcare "directly conflict[s] with Plaintiff States' laws protecting transgender adolescents' access to gender-affirming care, which were enacted in exercise of Plaintiff States' traditional authority to pass laws regulating medicine and to safeguard its citizens health and welfare." *Massachusetts v. Trump*, No. 25-cv-12162, 2026 WL 1584837, at \*23 (D. Mass. June 3, 2026). The subpoenas are an extraordinary attempt to subvert the States's policies as the traditional regulators of the practice of medicine.

## CONCLUSION

This Court should deny appellant's motion for a stay.

Dated:   New York, New York
         August 5, 2026

                                    Respectfully submitted,

ANDREA JOY CAMPBELL                 LETITIA JAMES
  *Attorney General*                  *Attorney General*
  *Commonwealth of Massachusetts*     *State of New York*


                                    By:  */s/ Judith N. Vale*
                                         JUDITH N. VALE
                                         Deputy Solicitor General

ALLYSON SLATER                      BARBARA D. UNDERWOOD
  *Director,*                         *Solicitor General*
  *Reproductive Justice Unit*       MARK S. GRUBE
ADAM M. CAMBIER                       *Senior Assistant*
MORGAN CARMEN                         *Solicitor General*
JAK KUNDLE                          MATTHEW FAIELLA
  *Assistant Attorneys General*       *Special Counsel*
                                    ZOE RIDOLFI-STARR
                                      *Assistant Attorney General*



One Ashburton Place                 28 Liberty Street
Boston, Massachusetts 02108         New York, New York 10005
(617) 727-2200                      (212) 416-8028


(*Counsel listing continues on next page.*)


14

KRISTIN K. MAYES
  *Attorney General*
  *State of Arizona*
2005 N. Central Avenue
Phoenix, AZ 85004

ROB BONTA
  *Attorney General*
  *State of California*
1300 I Street
Sacramento, CA 95814

PHILIP J. WEISER
  *Attorney General*
  *State of Colorado*
1300 Broadway 10th Fl.
Denver, CO 80203

WILLIAM TONG
  *Attorney General*
  *State of Connecticut*
165 Capitol Avenue
Hartford, CT 0610

KATHLEEN JENNINGS
  *Attorney General*
  *State of Delaware*
820 N. French Street
Wilmington, DE 19801

KWAME RAOUL
  *Attorney General*
  *State of Illinois*
115 S. LaSalle Street
Chicago, IL 60603

AARON M. FREY
  *Attorney General*
  *State of Maine*
6 State House Station
Augusta, ME 04333

ANTHONY G. BROWN
  *Attorney General*
  *State of Maryland*
200 Saint Paul Place
Baltimore, MD 21202

DANA NESSEL
  *Attorney General*
  *State of Michigan*
P.O. Box 30212
Lansing, MI 48909

KEITH ELLISON
  *Attorney General*
  *State of Minnesota*
102 State Capitol
75 Rev. Dr. Martin Luther King Jr.
Blvd.
St. Paul, MN 55155

AARON D. FORD
  *Attorney General*
  *State of Nevada*
100 North Carson Street
Carson City, NV 89701

JENNIFER DAVENPORT
  *Attorney General*
  *State of New Jersey*
25 Market Street
Trenton, NJ 08625

15

RAÚL TORREZ
  *Attorney General*
  *State of New Mexico*
408 Galisteo Street
Santa Fe, NM 87501

DAN RAYFIELD
  *Attorney General*
  *State of Oregon*
1162 Court Street N.E.
Salem, OR 97301

PETER F. NERONHA
  *Attorney General*
  *State of Rhode Island*
150 S. Main Street
Providence, RI 02903

CHARITY R. CLARK
  *Attorney General*
  *State of Vermont*
109 State Street
Montpelier, VT 05609

JAY JONES
  *Attorney General*
  *Commonwealth of Virginia*
202 N. Ninth Street
Richmond, VA 23219

NICHOLAS W. BROWN
  *Attorney General*
  *State of Washington*
P.O. Box 40100
Olympia, WA 98504

JOSHUA L. KAUL
  *Attorney General*
  *State of Wisconsin*
State Capitol, Room 114 East
P. O. Box 7857
Madison, WI 53707

BRIAN L. SCHWALB
  *Attorney General*
  *District of Columbia*
400 6th St., N.W., Ste. 8100
Washington, D.C. 20001

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 27, 29 and 32 of the Federal Rules of Appellate Procedure, Oren L. Zeve, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this document, the document contains 2,586 words and complies with the typeface requirements and length limits of Rules 27(d), 29, and 32(a)(5)-(6).

*/s/ Oren L. Zeve*
Oren L. Zeve