Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

Joshua S. Margolin
Partner
212.390.9022
jmargolin@selendygay.com

August 21, 2026

**Via ACMS & Email**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall Unites States Courthouse
40 Foley Square
New York, NY 10007

**Re: *Coe v. Blanche*, No. 26-1886**
Plaintiffs-Appellees' Response to Citation of Supplemental Authority under Federal Rule of Appellate Procedure 28(j)

Dear Ms. Wolfe,

The government's supplemental authority to *QueerDoc, PLLC v. U.S. Department of Justice*, No. 25-7384 (9th Cir. Aug. 14, 2026), does nothing to show that it would be irreparably harmed absent a stay or is likely to succeed on the merits of the distinct claims brought here.

Nothing in *QueerDoc* addresses the clear irreparable harms that Plaintiffs would experience if their sensitive health information were disclosed, nor the lack of harm to the government absent a stay. Stay Opp'n at 11–22. If anything, *QueerDoc*'s sole reference to privacy *invites*

consideration of privacy-based challenges to the government's subpoena at issue in that case. *See* Slip Op. at 54–55.

Moreover, unlike in *QueerDoc*, Plaintiffs do not seek to quash any individual subpoena, nor does the viability of their claims turn on a finding of bad faith. Rather, Plaintiffs allege that serial governmental actions—including administrative and grand jury subpoenas served on other entities—pose an imminent threat to their Fourth and Fifth Amendment rights. *See* Stay Opp'n at 11, 17; *see also* Stay Mot. at 19. This case concerns Plaintiffs' reasonable expectations of privacy, and the balance of their interest in privacy against "the government's interest in breaching it"—questions not at issue in *QueerDoc*. *See* Tr. 19:23–24 (quoting *Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 67 (2d Cir. 2018)). And even if *QueerDoc* had been correctly decided (and Plaintiffs would submit that it was not), Plaintiffs argue here that the repeated demands for the same information from New York City healthcare institutions were made in furtherance of the broader improper purpose of *targeting transgender people*, not just "ending" gender-affirming medical care. Stay Opp'n at 1, 2, 16, 20.

The government has not met its burden of showing that a stay is warranted. Its new authority is no help. The Court will otherwise have the

opportunity to more fully consider arguments related to *QueerDoc* during merits briefing in the normal course, not in an emergency stay posture.

Sincerely,

*/s/ Joshua S. Margolin*
Joshua S. Margolin
Partner

Cc: Counsel of Record
Via ACMS